Filed May 16, 1895.

———————◆———————

No. 1,698.

## CORBIN v. THOMPSON.

REAL ESTATE.—*Action Against Tenant for Possession.—Argumentative Denial.*—In an action seeking to recover real estate from one holding as a tenant, answers, in effect, that defendant was in possession as owner, and not as tenant (an argumentative denial that he was in possession as tenant), are sufficient to withstand demurrer.

SAME.—*Action to Recover Possession from Tenant.—Evidence of Ownership by Defendant.*—In an action to recover land from defendant as tenant, the defendant may testify as to a verbal contract of sale to him, which he has set up in answer; and other witnesses may testify as to statements made by plaintiff to them before defendant went into possession, that he had sold the property to defendant, as tending to prove that defendant did not take possession as tenant.

Corbin *v.* Thompson.

SAME.—*Evidence of Written Contract Inconsistent with Verbal Contract of Purchase.*—*Striking Out.*—The fact that subsequently to the verbal contract of purchase a written contract was entered into in relation to other property in which it was incidentally stated that certain proceeds should be applied as "rent of a house now occupied by * * [defendant] belonging to * * [plaintiff]," was not sufficient reason to require the court to strike out all the evidence in relation to the alleged purchase of the real estate by defendant.

EVIDENCE.—Matters not relevant to the issues are not admissible in evidence.

SAME.—*History of Transaction.*—Whatever constitutes a part of the history of the transaction between the parties is admissible in evidence.

From the Marshall Circuit Court.

*J. D. McLaren* and *H. Corbin*, for appellant.

*E. C. Martindale* and *S. Parker*, for appellee.

DAVIS, J.—The errors assigned in this court are:

1. That the court erred in overruling appellant's motion to make the second paragraph of answer more specific.

2. That the court erred in overruling the demurrer to the second paragraph of answer.

3. That the court erred in overruling demurrer to the third paragraph of answer.

4. That the court erred in submitting to the jury interrogatories Nos. 7 and 9, and each of them.

5. That the court erred in overruling appellant's motion for a new trial.

6. That the court erred in overruling the motion in arrest of judgment.

7. That the court erred in overruling appellant's motion for a new trial as of right.

The action was brought by appellant against appellee, charging in his complaint that appellee was his tenant and that he had failed to pay rent, averring notice, and demanding possession of the real estate.

The appellee answered in three paragraphs:

1. General denial.

2. That on or about April 1, 1885, appellant and appellee entered into a verbal agreement for the purchase of the real estate by appellee at and for the sum of $800, payable in installments of $8.33 per month, and when the purchase-price should be fully paid, appellant would execute appellee a deed therefor, and in pursuance of said agreement, appellee, with appellant's consent, went into possession of the real estate and made necessary, valuable, and permanent improvements thereon, the value and character of which are set out, and that he paid of said consideration $250.

3. The third is, in substance, the same as the second, except it avers that said $250 was paid prior to March 31, 1888, and that it was then agreed that appellant should have and receive the interest of appellee in the surplus that might arise from the sale of certain lands in which they had a common or joint interest at said time in full of the unpaid part of said purchase consideration, which right and interest of appellee said appellant then and there accepted in full satisfaction of said consideration.

For a history of this transaction we are referred to *Bell* v. *Corbin*, 136 Ind. 269.

No affirmative relief was asked in either paragraph of the answer. The substance of the answers was that appellee was in possession of the real estate as owner and not as tenant—an argumentative denial that he was in possession as tenant,—and the answers were sufficient to withstand the demurrer.

The second paragraph shows that $8.33 of the purchase-price was payable per month, and that $250 had been paid thereon. The answer was sufficiently specific. There was no error in overruling the demurrer to the

Corbin *v*. Thompson.

answer or in overruling the motion to make the second paragraph more specific.

The case was transferred by the Supreme Court to this court. *Corbin* v. *Thompson*, 141 Ind. 312.

The jurisdiction being in this court, no question is presented by the seventh error assigned for our consideration.

The fourth error is not well assigned. *Knight, Admr.*, v. *Knight*, 6 Ind. App. 268 (275).

There was no error in overruling the motion in arrest of judgment.

This disposes of all the errors except the fifth.

There was no error in permitting appellee to testify in relation to the alleged verbal contract with appellant for the purchase of the real estate under which he claims to have taken possession and made improvements. The testimony of the other witnesses as to statements made by appellant to them before appellee entered into possession, that he had sold the property to appellee, were admissible, as tending to prove that appellee did not take possession as tenant.

The fact that a written contract was afterwards entered into in relation to other property, in which it was incidentally stated that certain proceeds should be applied as "rent of a house now occupied by said Thompson belonging to said Corbin," was not a sufficient reason, under the circumstances disclosed by the record, requiring the court to strike out all the evidence in relation to the alleged purchase of the real estate by appellee.

The papers offered in evidence in cause No. 9,027 were properly excluded. Neither appellant nor appellee was a party to that suit. No judgment had been rendered therein, and the evidence, if admitted, would not have tended to prove any point in issue.

In connection with the other evidence, the court did

not err in admitting the evidence as to the value of the land from which the surplus mentioned in the third paragraph of the answer was to arise. It was a part of the history of the transaction between the parties concerning the real estate in controversy. Appellee testified that he bought the property by a verbal contract, and entered into possession in pursuance thereof. Appellant insisted that appellee afterwards signed a written agreement, in which he recognized that he was in possession of the premises as a tenant. Appellee testified that after the alleged written agreement was entered into, he and appellant made another oral agreement, by the terms of which he transferred his interest in the surplus in other property to appellant as payment of the balance of the purchase-price for this real estate. It was proper, in explanation, as tending to prove that the parties then regarded the original contract of sale under which appellee entered into possession as a subsisting and binding obligation, and that the relation of landlord and tenant did not in fact exist, and also that there was in fact a surplus. In order to determine whether there was a surplus, it was necessary to know the value of the property.

The argument of counsel for appellant in relation to the different questions discussed is, in our opinion, mainly based on a misapprehension as to the effect of the written agreement referred to. The subject-matter of this agreement was other property. It did not purport to fix the rights of the parties in the property in controversy, except in so far as may be inferred from the mere recital that the surplus should be applied as rent of the house occupied by appellee. This statement, standing alone and unexplained, would be sufficient to establish the relation of landlord and tenant between appellant and appellee, but, under all the facts and cir-

cumstances disclosed by the evidence, such inference can not be regarded as conclusive.

When construed together as an entirety, in the light of the issues and the evidence, the instructions given correctly state the law applicable to the case.,

There was no error in refusing to give the instructions asked by appellant. So far as they correctly state the law, they were included in instructions given by the court.

We find no error in the record.

Judgment affirmed.

Filed May 17, 1895.