Corbin *v.* Thompson.

Filed May 14, 1895.

---

No. 17,244.

CORBIN *v.* THOMPSON.

APPELLATE COURT.—*Jurisdiction.—Action for Possession of Real Estate. —Substantive Cause and Incidental Causes.—New Trial as of Right.—* If the substantive cause of action upon which the parties proceeded to judgment is such a one that a new trial as of right is not allowable, the fact that the cause incidentally embraces other causes of action in which alone a new trial as of right would be demandable, does not give the Supreme Court jurisdiction on appeal, where the jurisdiction of substantive cause is in the Appellate Court.

From the Marshall Circuit Court.

*J. D. McLaren* and *H. Corbin,* for appellant.

*E. C. Martindale* and *S. Parker,* for appellee.

HACKNEY, J.—The appellant sued the appellee for possession of real estate, alleging that appellee held over as a tenant and was in default of rents owing. The appellee answered in three paragraphs:

1. General denial.

2. A purchase by verbal agreement for $800, payable in monthly installments of $8.33, the deed to be executed upon final payment; that pursuant to that agreement, and with the appellant's knowledge and consent, he went into possession, made valuable permanent improvements, and paid $250 of the agreed price.

3. Purchase by verbal agreement, possession, improvements and partial payment as above, and that by further agreement the appellant accepted as in full of the balance of the agreed price the appellee's interest in the surplus arising from a sale under a school fund mortgage, in which surplus appellant and appellee held a common interest.

The issue, upon these answers, was made by a reply in general denial.

A trial resulted in a general judgment in favor of the appellee.

It will be observed that no affirmative relief was sought by or decreed to the appellee. The defenses specially pleaded, and the relief obtained, were admissible and obtainable, if at all, under the general denial, as they were merely denials of having taken possession as tenant. *Over* v. *Shannon,* 75 Ind. 352; *Webster* v. *Bibinger,* 70 Ind. 9; *Emily* v. *Harding,* 53 Ind. 102; 1 Encyc. of Pl. and Prac., p. 825.

The substantive cause of action, therefore, upon the

pleadings and the judgment, was simply for the possession of real estate held over by a tenant from his landlord. It is true that by the special answers, and upon the evidence, there was, incidentally, an inquiry as to the appellant's alleged title, just such as might have been made under the general denial; but that incident was absorbed as an issue, in the primary or substantive cause of action, and the essential inquiry thereunder as to the appellant's right to possession.

In determining the jurisdiction of this court in the present case, we need but to inquire if, as tried and determined below, it was one in which a new trial as of right should have been granted. It is a firmly settled rule of practice that if the substantive cause of action upon which the parties proceed to judgment is such an one that a new trial as of right is not allowable, such new trial should be refused, even if the cause embraces incidentally other causes of action in which alone a new trial as of right would be granted. *Pool* v. *Davis*, 135 Ind. 323; *Wilson* v. *Brookshire*, 126 Ind. 497; *Bradford* v. *School Town, etc.,* 107 Ind. 280 ; *Butler, etc.,* v. *Conard*, 94 Ind. 353. As was said in *Branson* v. *Studabaker*, 133 Ind. 147 : ''As effective a material test as can be found is supplied by the answer to the question : Is the effect of the judgment appealed from such as to divest one of the parties of title or to invest one of them with title ? It is manifest that if the issues and judgment are of such a character as to settle the question of title and enable the parties to make use of the judgment as the basis of a plea of *res adjudicata,* in a controversy concerning the title, jurisdiction is in this court; but it is equally evident that where the judgment can not be regarded as conclusively adjudicating the question of title, jurisdiction is in the Appellate Court, although the question of title may be incidentally or indirectly

involved.'' In the present case there was no judgment upon the question of ownership. The appellee expressly concedes that the effect of his judgment is but to deny the appellant's right to possession and as not settling title. In such case there is no new trial allowable as of right. *Over* v. *Moss*, 41 Ind. 463.

We conclude, therefore, that the jurisdiction of the appeal herein is in the Appellate Court, and the cause is ordered to be transferred to that court.

Filed April 24, 1895.