Nutter *et al. v.* Hendricks *et al.*

NUTTER ET AL. *v.* HENDRICKS ET AL.

[No. 18,334.   Filed June 7, 1898.]

PLEADING.—*Action.—Ejectment.—Trespass.—Necessary Allegations.*— An action based upon a paragraph of complaint stating facts sufficient to constitute an action for trespass, damage, and for an injunction, and which does not allege that plaintiff was entitled to the possession of the premises described, nor that the defendant unlawfully kept him out of the possession thereof, will be held to be an action for trespass, and not an action to recover the possession of the real estate.  *pp. 605, 606.*

NEW TRIAL.— *Quieting Title.— Joinder of Causes of Action.— New Trial as of Right.*—Where a paragraph of complaint for the possession of real estate, or to quiet the title thereto, is joined in the same complaint with one for any other cause of action, a new trial as of right, under section 1077, Burns' R. S. 1894, is not permitted.  *pp. 606, 607.*

From the Morgan Circuit Court.   *Affirmed.*

*W. R. Harrison, Shirley & Parks* and *John C. Robinson,* for appellants.

*C. G. Renner* and *Oscar Matthews,* for appellees.

McCABE, J.—The appellants sued the appellees in a complaint of two paragraphs.  A trial of the issues by the court without a jury resulted in a finding and judgment for the defendants on the first paragraph of the complaint, and for the plaintiffs for $100.00 damages on the second paragraph.  The circuit court overruled appellants' motion for a new trial as of right under the statute.   Section 1077, Burns' R. S. 1894 (1065, R. S. 1881).   Error is assigned on that ruling only.   The first paragraph of the complaint, being for the recovery of the possession of real estate, would, in the absence of any other paragraph, entitle the plaintiff to a new trial as a matter of right, without cause, under the statute cited.   And so, if the second paragraph was for the recovery of said possession, or to quiet title, then the whole case made by

the whole complaint would be one where a new trial, as a matter of right, was demandable. Section 1076, Burns' R. S. 1894 (1064, R. S. 1881). It is contended by appellants that the second paragraph was also to recover possession of the same real estate, and to quiet their title therein. The paragraph was sufficient as a paragraph for trespass, damage, and for an injunction, but it was evidently never intended by the pleader as a paragraph either to recover possession or to quiet appellants' title. The first paragraph covered all that ground, and both paragraphs had reference to the same real estate. The second paragraph did not allege that the plaintiffs were entitled to the possession of the premises described, nor that the defendants unlawfully keep them out of possession. The statute requires these two allegations to be made in the complaint for possession, without either of which it is fatally defective. Section 1066, Burns' R. S. 1894 (1054, R. S. 1881). *Pittsburg, etc., R. W. Co.* v. *O'Brien,* 142 Ind. 218, and cases there cited. The statute requires a complaint to quiet title to allege that the defendant claims title to or an interest in the real estate adverse to the plaintiffs, and that such claim is unfounded. Section 1082, Burns' R. S. 1894 (1070, R. S. 1881). *Second National Bank* v. *Corey,* 94 Ind. 457; *Conger* v. *Miller,* 104 Ind. 592. The second paragraph of the complaint must be construed as its general tenor indicates, as a paragraph seeking damage for a trespass and an injunction. Such paragraph is in no sense one seeking the recovery of the possession of real estate, or to quiet title to such real estate; and no right to a new trial without cause shown, in such a case is allowed or provided for by any statute or law of this State. And it is settled law in this State that where a paragraph of complaint for possession of, or to quiet title to real estate, is joined

in the same complaint with one for any other cause of action, a new trial as of right, under the statute cited, is not demandable. And especially is this so where such joinder of a cause in which a new trial as of right is allowed by the statute with one where such new trial is not allowed, has been so joined by the defeated plaintiff. He has no one to blame but himself for his failure to get a new trial of his cause for possession and to quiet title. He himself joined it with a cause in which the law would not allow him a new trial without cause; and the new trial must be granted as to the whole case, or refused as to the whole case. If the complaint embraces a cause of action other than one for possession of, or to quiet title to real estate, then the cause is not one to quiet title to, or recover possession of real estate, even though there be one or more paragraphs of that character in the complaint. And if the whole case made by the complaint is not one to recover possession of, or to quiet title to real estate, or both, then a new trial without cause shown is not provided for or allowed by law. *Bradford* v. *School Town of Marion*, 107 Ind. 280; *Butler University* v. *Conard*, 94 Ind. 353; *Richwine* v. *Presbyterian Church*, 135 Ind. 80-86; *Thompson* v. *Kreisher*, 148 Ind. 573. Therefore, the circuit court did not err in overruling appellants' motion for a new trial as of right, and without cause shown. The judgment is affirmed.

Jordan, J., did not participate in this decision.