## THOMPSON *v.* THOMPSON.

[No. 18,908. Filed March 6, 1901.]

APPEAL.—*Record.*—*Instructions.*—In order to make instructions a part of the record in a civil case, without a bill of exceptions, they must be filed in open court, and the record must affirmatively show that they were so filed. *p. 277.*

Thompson *v.* Thompson.

156    276
170    299

156    276
e171    572

APPEAL.—*Record.*—A thing done in open court which must be proved by an order-book entry as a part of the proceedings in a cause, cannot be shown by a recital in the certificate of the clerk. *p. 278.*

SAME.—*When Instructions Not Part of Record.*—The refusal to give instructions requested will not be reviewed on appeal, where they only appear in the transcript as a part of the motion for a new trial. *p. 278.*

From the Knox Circuit Court. · *Affirmed.*·

*Orlando H. Cobb,* for appellant.

*W. A. Cullop, C. B. Kessinger* and *A. M. McClure,* for appellee.

MONKS, J.—Appellee brought this action to contest the will of Sarah Thompson, deceased, on the ground that she was of unsound mind. The trial resulted in a judgment setting aside the will. The only error assigned calls in question the action of the court in overruling appellant's motion for a new trial. The giving of certain instructions was assigned as a cause for a new trial.

· The instructions given are not made a part of the record by a bill of exceptions, and appellee insists that as the record does not show that they were filed, they are not in the record, and cannot be considered. It is settled that in order to make the instructions a part of the record in a civil case, without a bill of exceptions, they must be filed in open court (cl. 6 of §542 Burns 1894, §533 R. S. 1881, and Horner 1897), and the record must affirmatively show they were so filed. *Blount* v. *Rick,* 107 Ind. 238, 240; *Landwerlen* v. *Wheeler,* 106 Ind. 523, 528, 529; *Louisville, etc., R. Co.* v. *Wright,* 115 Ind. 378, 394, 7 Am. St. 432; *Krom* v. *Vermillion,* 143 Ind. 75, 77; *Killion* v. *Hulen,* 8 Ind. App. 494; Ewbank's Manual, §28. . The filing in open court of any paper in a case as an answer, demurrer, or reply, which by such filing becomes a part of the record proper, must be shown by an order-book entry, made as a part of the proceedings in the cause. *Wilson* v. *State, post,* 631; *Harris* v. *State,* 155 Ind. 15; *Home, etc., Co.* v. *Globe, etc., Co.,* 146 Ind. 673, 681.

The filing of instructions under §542 (533), *supra,* must be in open court, like the filing of an answer, demurrer, or reply, as a part of the proceedings in the cause, and, like the filing of an answer, demurrer, or reply, can only be shown by an order-book entry stating the same were filed. On appeal, such instructions must be copied into the transcript as a part of the entry showing such filing. In this case there is no order-book entry in the record showing the filing of any instructions, but there is a recital in the clerk's certificate to the transcript that said instructions were filed on October 26, 1898.

A thing done in open court, which must be proved by an order-book entry as a part of the proceedings in a cause, cannot be shown by a recital in the certificate of the clerk.

The refusal of the court to give certain instructions requested by appellant is assigned as a cause for a new trial. Said instructions only appear in the transcript as a part of the motion for a new trial. This does not make them a part of the record, and they cannot be considered. Ewbank's Manual, §28; *Bradway* v. *Waddell,* 95 Ind. 170, 171; *Gheens* v. *Golden,* 90 Ind. 427, 428.

It is next urged by appellant that the verdict is not sustained by sufficient evidence, and is contrary to law. We are satisfied, from an examination of the evidence, that the rule that this court cannot reverse a case upon the weight of the evidence is clearly applicable here. Judgment affirmed.