## JONES ET AL. *v.* PETERS.

[No. 3,910. Filed February 19, 1902.]

PLEADING.—*Demurrer.*—A demurrer to three paragraphs of complaint "for the reason that neither one of said paragraphs state facts sufficient to constitute a good paragraph of complaint against either one of said defendants" is not in the form prescribed by statute, and presents no question. *p. 385.*

APPEAL AND ERROR.—*Sustaining Motion for Trial by Jury.—Assignment of Error.*—The action of the court in sustaining a motion for a jury trial cannot be questioned by an independent assignment of error, but is properly assignable as a reason for a new trial. *p. 386.*

SAME.—*Joint Assignment. — Instructions. — Failure to Discuss Part. —* Available error cannot be predicated upon a joint assignment in

a motion for a new trial as to the action of the court in giving a series of instructions, where only a part of the instructions named are discussed, since it will be presumed that the others were right, and the assignment must be good as to all. *p. 386.*

NEW TRIAL AS OF RIGHT.—*When Should Not be Granted.*—A new trial as of right is properly denied in an action to quiet title and to declare a deed a mortgage. *p. 387.*

APPEAL AND ERROR.—*New Trial as of Right.*—*Joint Motion.*—Available error cannot be predicated upon the action of the court in overruling a joint motion for a new trial as of right, where one of the parties making the motion had no interest in the matter in controversy. *pp. 387, 388.*

JUDGES.—*Powers of Special Judge.*—The power of a special judge ceases after final judgment has been rendered in the cause which he was appointed to try. *p. 388.*

From Jasper Circuit Court; *R. S. Dwiggins*, Special Judge.

Suit by George W. Peters against Cyrus V. Jones and others to quiet title. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. T. Saunderson* and *E. G. Hall*, for appellants.
*F. Foltz*, *C. G. Spitler* and *H. R. Kurrie*, for appellee.

HENLEY, J.—This action grew out of a controversy over the title to certain lands in Jasper county, Indiana, which appellee and wife had conveyed by warranty deed to Cyrus V. Jones, who, before the commencement of this action, conveyed the same lands to his co-appellant, Harry H. Jones. The appellant, Caroline Jones, is the wife of Harry H. Jones. Appellee's complaint was in eight paragraphs, but at the time of the trial but four paragraphs remained. Appellant's demurrer was sustained to the third paragraph of complaint; appellee dismissed as to the first, fourth, and fifth paragraphs, thus leaving only the second, sixth, seventh, and eighth paragraphs. Appellant's demurrer to the sixth, seventh and eighth paragraphs of complaint was overruled. Appellee's demurrer to each paragraph of the separate answer of appellants was overruled. Appellee's motion for a jury trial was sustained. There was a trial by jury

and verdict and judgment for appellee.  On December 4, 1899, appellant's motion for a new trial for cause was overruled; sixty days time was given in which to file all bills of exceptions, and an appeal was granted to this court upon the filing, within thirty days, of an appeal bond in the sum of $500.  On the 12th day of February, 1900, appellants filed their motion for a new trial as of right; this motion the court overruled, and appellants were granted an appeal to this court upon the filing of a bond in the sum of $200.  Appellant's assignment of errors consists of nine specifications.  The alleged errors presented by these nine specifications are, with the exception of the fourth, sixth, seventh, eighth, and ninth, waived by a failure of counsel to discuss them.

The action of the trial court in overruling the demurrer of Cyrus V. and Harry H. Jones to the sixth, seventh, and eighth paragraphs of complaint is first discussed.  Without deciding whether or not this specification was joint as to all three of the paragraphs of the complaint, it is sufficient to say that the particular demurrer here referred to presented no question as to the sufficiency of either paragraph of the complaint to the lower court, hence there would be no error in overruling it.  The demurrer was, omitting the formal parts, in the following words:  "The defendants, Cyrus V. Jones and Harry H. Jones, separately and severally demur to the sixth, seventh, and eighth paragraphs of the plaintiff's complaint, for the reason that neither one of said paragraphs state facts sufficient to constitute a good paragraph of complaint against either one of said defendants."  This demurrer is found on page 71 of the record in this case, and the trial court's ruling thereon on page 73 of the record.  Such a demurrer is not in the form prescribed by the statute and presents no question.  *Pine Civil Tp.* v. *Huber Mfg. Co.*, 83 Ind. 121; *Martin* v. *Martin*, 74 Ind. 207; *Porter* v. *Wilson*, 35 Ind. 348; *Funk* v. *Rentchler*, 134 Ind. 68; *Thomas* v. *Goodwine*, 88 Ind. 458; *Grubbs* v.

*King,* 117 Ind. 243; *Firestone* v. *Werner,* 1 Ind. App. 293. See, also, *Gilmore* v. *Ward,* 22 Ind. App. 106.

It is next contended under the sixth specification of the assignment of errors that the trial court erred in sustaining appellee's motion for a jury trial. No question is presented by this assignment. The action of the court upon the motion is properly assignable as a reason for a new trial. *Childers* v. *First Nat. Bank,* 147 Ind. 430; *Alley* v. *State ex rel.,* 76 Ind. 94; *Hiatt* v. *Renk,* 64 Ind. 590. In the case at bar the question is not presented even if argued under the proper assignment, because the question is not saved by bill of exceptions.

It is next argued that the trial court erred in overruling appellant's motion for a new trial for cause. This is appellant's seventh specification of error. Conceding without deciding that reasons assigned in a new trial for cause can be presented and decided in an appeal from a judgment overruling a motion for a new trial as of right, we will dispose of the only question properly presented therein and not heretofore disposed of. Under this assignment counsel for appellants contend that the court erred in giving to the jury instructions numbered seven and eighteen. This argument of appellant's counsel is based on reason twenty-four of the motion for a new trial, which is in the following words and figures: "(24) The court erred in giving instructions numbered, one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve and fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, and giving on its own motion, over the separate and several objections and exceptions of the defendants, and each of them, at the time made." The reason here assigned is joint as to all the instructions named, and in order to be available all must have been bad. As only two of the instructions named are attacked, it is presumed that the others were right, and were properly given. *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297; *Cincinnati, etc., R. Co.* v. *Cregor,* 150 Ind. 625;

*Cargar* v. *Fee*, 140 Ind. 572; *Harrod* v. *State ex rel.*, 24 Ind. App. 159.

Under the eighth and last specification of errors assigned, counsel for appellants contend that the trial court erred in overruling appellant's motion for a new trial as of right. There are two reasons at least why this motion was properly overruled. The case presented two issues for trial. One issue was upon the paragraphs of complaint to quiet title; one upon the paragraph of complaint to declare the deed made by appellee to appellant, Cyrus V. Jones, a mortgage. In an action to quiet title, a new trial as of right will be granted. In an action to declare a deed a mortgage and to quiet title, a new trial as of right will not be granted. In *Bennett* v. *Closson*, 138 Ind. 542, the Supreme Court say: "And if two or more substantive causes of action proceed to judgment in the same case, whether properly or improperly joined, it has frequently been held that if one of them would entitle the losing party to a new trial, as of right, and the other would not, then that cause in which a new trial, as of right, would not be allowed will prevail and a new trial will not be granted." See, also, *Wilson* v. *Brookshire*, 126 Ind. 497, 9 L. R. A. 792; *Richwine* v. *Church*, 135 Ind. 80; *Nutter* v. *Hendricks*, 150 Ind. 605; *Butler University* v. *Conard*, 94 Ind. 353.

In *Voss* v. *Eller*, 109 Ind. 260, it was sought to declare a deed in form a mortgage, and to cancel the same because of payment, and to quiet title to the real estate. In refusing the application for a new trial as of right, the court said: "The action did not involve the title to land to any greater extent than title is involved in any other suit to declare a mortgage satisfied, and to procure its cancelation". The trial court properly overruled the motion for a new trial as of right for another reason. It is shown upon the face of the pleadings that the appellant, Caroline Jones, had no interest in the matter in controversy which the judgment rendered, in any way, affected. The motion was joint

as to all the appellants.   It was not good as to Caroline Jones, one of appellants, and it was for this reason properly overruled.

We will not discuss the question of the power of the special judge, appointed to try the cause, to hear and pass upon the motion for a new trial as of right without a special appointment for that purpose.   The power of a special judge ceases after final judgment has been rendered in a cause which he was appointed to try.   *Kissel* v. *Lewis*, 27 Ind. App. 302.

The record presents no available error.   Judgment affirmed.