IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1904, IN THE
EIGHTY-EIGHTH AND EIGHTY-NINTH YEARS
OF THE STATE.

---

## CAMBRIDGE LODGE, No. 9, KNIGHTS OF PYTHIAS v. ROUTH.

[No. 20,318. Filed May 24, 1904.]

APPEAL AND ERROR.—*Joint Assignment.*—Where a complaint is in three paragraphs, and the answer thereto is in seven paragraphs, the first five of which are addressed exclusively to the second and third paragraphs of complaint, and the sixth is addressed exclusively to the first paragraph thereof, and a several demurrer is filed to each of such paragraphs, and one of the errors assigned is that "the court erred in overruling the demurrer of appellant to the 1st, 2d, 3d, 4th, 5th and 6th paragraphs of answer," the assignment is joint, and if any one of such answers is good no error is presented. *pp. 5, 6.*

LANDLORD AND TENANT.—*Holding Over.*—*Special Findings.*—*Burden of Proof.*—Where one paragraph of complaint is for recovery of real property under §7106 Burns 1901, and §5 of the same act (§7092 Burns 1901) provides "if a tenant refuse or neglect to pay rent when due, ten days' notice to quit shall determine the lease, * * * unless such rent be paid at the expration of said ten days," and the special finding fails to show either (1) that rent was due at the time of giving the notice, or (2) that such rent was not paid within the ten days, the plaintiff must fail, the burden being on the plaintiff to prove such facts affirmatively. *p. 8.*

NEW TRIAL AS OF RIGHT.—Where the first paragraph of complaint was for possession of real property by landlord against tenant, under §7106 Burns 1901, the second was in ejectment, and the third to quiet title, a new trial as of right is not demandable, since such new trial can not be demanded as to the first paragraph, the judgment being rendered upon the entire complaint. *p. 9.*

From the Henry Circuit Court; *W. O. Barnard,* Special Judge.

Action by Cambridge Lodge, No. 9, Knights of Pythias against Charles W. Routh. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under § 1337u Burns 1901. *Affirmed.*

*W. A. Medsker,· E. II. Bundy* and *Shively & Shively,* for appellant.

*M. E. Forkner* and *Robbins & Starr,* for appellee.

JORDAN, C. J.—This action was tried and determined in the lower court adversely to appellant on its complaint, consisting of three paragraphs, the first of which is the landlord's statutory action for recovery of the possession of the premises in controversy. It is therein alleged that on the 1st day of May, 1899, and long prior thereto, the plaintiff, Cambridge Lodge, No. 9, Knights of Pythias, was, and now is, the owner in fee simple and in possession of the following described real estate, situated in Wayne county, Indiana, viz., lots numbered sixteen, seventeen, and eighteen in block three, west of the river and north of the National Road, in Cambridge City, and also the following parcel of ground adjoining said lots on the west: Commencing thirty-three feet west of the alley in said block number three; running west along the National Road seventy feet; thence north 120 feet to the northwest line of said lot sixteen in block three. The lots above described formed the east boundary of said ground. On May 1, 1899, the plaintiff leased and rented to the defendant Charles W. Routh the right, privilege, and use of a certain driveway and passageway situate upon, through, and over a part of said real estate, about fourteen feet in width and 120 feet in length, leading to and from a livery barn, then owned and occupied by the defendant, to Main street in said town, and situated about twelve to fourteen feet west of what is known as the Pythian Temple, in said town.

Cambridge Lodge, etc., *v.* Routh.

It is alleged that the defendant agreed to pay to said plaintiff as rent for the use of said real estate, and for the right and privilege aforesaid, the sum of $2 per month, payable by the month; that he paid to the plaintiff upon said contract the sum of $10, which amount, under the contract and agreement, was to be applied for five months' rent from said date; that since said payment he has failed and refused to pay any more rent under said contract for the use of said real estate, although he has been from said date to the commencement of this action continuously in possession thereof. It is alleged that on the 20th day of May, 1901, the plaintiff notified said defendant in writing to deliver up to it, at the expiration of ten days from the time of receiving said notice, the possession of said driveway and premises, unless the rent due thereon should be paid within that time; that at the time of giving said notice to the defendant there was due and unpaid from him to plaintiff, as rent for said leased premises under said contract, the sum of $38. It is averred that defendant did not pay the rent, or any part thereof, and did not deliver to the plaintiff the possession of said real estate, but has, since the expiration of said notice, unlawfully held over and retained the possession thereof from the plaintiff, whereby it has been damaged in the sum of $200. Judgment for possession of said real estate, and for damages against the defendant in said sum of $200, is demanded. By the second paragraph of the complaint the plaintiff seeks to eject the defendant from the aforesaid premises, and, under the third, to quiet its title thereto.

To this complaint appellee filed an answer in seven paragraphs, the last of which was the general denial. By the first paragraph it is alleged that the right of way referred to and described in the complaint is now, and for more than forty years last past has been continuously, a public street and highway in the town of Cambridge City, of said county, laid out and opened, and in use by the public

generally, and that the same is now, and has been continuously during the entire aforesaid period, traveled and used for all purposes of a public street and highway by the citizens of said town, and by the public generally, under a claim of right, and that appellee during said time has traveled and used the same as a public street and highway, and has never made at any time any other or different use thereof, and that he has never had any possession of said right of way, or any portion thereof, · save and except in the use of the same by him as aforesaid.  The second paragraph alleged that more than forty years ago the owner of the real estate described in the complaint laid ·out and dedicated the same as a public street and highway of the town of Cambridge City, of said county; that the public accepted said dedication, by then and there using and traveling the same, and it has ever since used and traveled the same for and as a public street and highway under a claim of right; that appellee, in common with the general public, during said period of time traveled and used the same as a public street, and never had any possession of the same, or any portion thereof, except for the purpose of travel as aforesaid.  The third, fourth, and fifth paragraphs of the answer may be said to be substantially the same as the first and second.  The sixth paragraph is as follows:  "For further paragraph of answer to the first paragraph of the plaintiff's complaint defendant says that he expressly denies that he leased of plaintiff the right, privilege, and use of a certain driveway and passageway as alleged in plaintiff's complaint, situate on the real estate therein described."  The paragraph then alleges that the defendant is "now, and for more than twenty years last past has been, the owner of certain real estate, and of a livery-stable situate thereon, at the northern terminus of the driveway referred to, and that for more than twenty years immediately prior to and up to the commencement of this action, and down to the present

Cambridge Lodge, etc., v. Routh.

time, he has continuously and openly traveled and used said driveway for all purposes of a driveway under a claim of right and without interruption as a means of access to, and as a passageway to and from his said livery-stable."

Appellant demurred for insufficiency of facts, separately and severally, to the first, second, third, fourth, fifth, and sixth paragraphs of the answer. The demurrer was overruled, to which ruling it excepted. The reply was the general denial. Trial by the court. Special finding of facts, upon which the court stated conclusions of law adversely to appellant, and rendered judgment against it for costs.

Three alleged errors are relied upon by appellant for a reversal, the same being assigned as follows: "(1) The court erred in overruling the demurrer of appellant to the first, second, third, fourth, fifth, and sixth paragraphs of appellee's answer. (2) The court erred in its conclusions of law upon the special finding of facts. (3) The court erred in overruling appellant's motion for a new trial as of right."

The first, second, third, fourth, and fifth paragraphs profess to answer the complaint as a whole, while the sixth paragraph, it will be observed, is addressed solely to the first paragraph of the complaint. It is contended by counsel for appellant that each of these six paragraphs is bad, so far as it relates to or seeks to interpose a defense to the first paragraph of the complaint, for the reason that each must be held to violate the rule which prevents a tenant, during the existence of the tenancy, from controverting his landlord's title to the leased premises. The principle is universally recognized that a tenant during the existence of the tenancy is estopped from denying the title of his landlord, either by setting up title to the premises himself, or in a third person. It will be observed, however, that the first assignment of error, which assails the decision of the court on the demurrer to the answer, is joint; and

appellee's counsel contend that it does not present for re-
view the ruling of the court on the demurrer as to each of
the paragraphs severally, but only as to the six paragraphs
jointly considered.  Therefore it is contended that, unless
all are bad, no available error is presented.  That this
contention is correct is well settled by the decisions of this
court.  *Boots* v. *Ristine* (1896), 146 Ind. 75; *Ketcham* v.
*Barbour* (1885), 102 Ind. 576; *State, ex rel.,* v. *Faurote*
(1885), 104 Ind. 287; *Noe* v. *Roll* (1892), 134 Ind. 115;
*Board, etc.,* v. *Trotter* (1898), 19 Ind. App. 626.

Appellee claims that the rule for which appellant con-
tends is not applicable to the sixth paragraph of the answer.
This paragraph is intended solely as a defense to the first
paragraph of the complaint.  Therein appellee expressly
and specifically denies the existence of the tenancy alleged
in the first paragraph of the complaint, and, in avoidance
of appellant's right to recover thereon, the user of the *locus
in quo* by appellee, under a claim of right and without in-
terruption for a period of over twenty years, is alleged and
set up.  If, as the answer, in effect, avers, the relation of
landlord and tenant did not exist between the parties, then,
under the circumstances, appellee would not be bound by
the rule which forbids a tenant to deny his landlord's title.
The relation of landlord and tenant between the parties
was essential and indispensable, in order for appellant to
maintain the action alleged in the first paragraph of the
complaint.  In the absence of such a relation, either express
or implied, a suit for use and occupation of real estate can
not be maintained.  *Newby* v. *Vestal* (1855), 6 Ind. 412;
*Nance* v. *Alexander* (1875), 49 Ind. 516; *Pittsburgh, etc.,
R. Co.* v. *Thornburgh* (1884), 98 Ind. 201.

The sixth paragraph, under its express or specific denial,
together with the other facts therein averred, constitutes a
sufficient answer to the first paragraph of the complaint.

As all of the paragraphs are not shown to be bad, no
available error, for the reasons heretofore stated, is pre-

sented on the ruling of the court upon the demurrer to the answer.

Appellant next contends that, under the facts as found by the court in its special finding, it was entitled to a judgment in its favor for possession of the real estate upon the first paragraph of the complaint, and hence it is asserted that the court erred in its conclusions of law. The finding of the court may be said, to an extent at least, to be open to the criticism of appellant that it is indefinite, and in part finds mere evidentiary items. It is, however, expressly found therein, among other things, that appellant sometime between 1898 and January, 1900, through its trustees, entered into "an agreement and contract with the defendant that he should pay to said lodge the sum of $2 per month for the right and privilege of passing over said driveway from Main street to his livery barn; that this rent was payable by the month; that in the month of January, 1900, the defendant paid to the plaintiff on said contract and agreement the sum of $10," which it applied as rent. It is further found "that at the time plaintiff and defendant entered into said agreement it was understood by and between them that it was a lease of said driveway for the aforesaid price;" that, after said contract "was entered into, the defendant, in pursuance thereto, used said driveway for the aforesaid purposes, and has continued to use it from said day until the present time; that, in connection with his said livery-stable and driveway, he has also at times used parts of the ground lying west of the driveway for the purpose of standing buggies thereon." The court finds that on May 20, 1901, plaintiff gave the defendant a written notice to deliver up to it, at the expiration of ten days from the time of receiving said notice, the possession of the premises in question, unless the rent due thereon should be paid within that time. It is found that at the time plaintiff gave the defendant said notice it "claimed that there was due to it from the defendant, as rent on

said contract, the sum of $38." There is no finding whatever that there was any rent actually due from appellee to appellant either at the time the notice was given or at the commencement of this action, which was December 13, 1901. It is true the court finds that "the defendant declined to pay further, and that he denies the right of appellant to collect rent on account of the use of said driveway."

The first paragraph of the complaint, as previously shown, was based on §7106 Burns 1901, which awards the landlord an action to remove a tenant from the possession of leased premises when he unlawfully holds over. Section 7092 Burns 1901 provides that "if a tenant refuse or neglect to pay rent when due, ten days' notice to quit shall determine the lease, * * * unless such rent be paid at the expiration of said ten days."

Before appellant was entitled to recover possession of the real estate in controversy upon the first paragraph of its complaint, the burden was upon it to establish, among others, two material facts: (1) That there was rent due from appellee to it at the time it gave him the notice to quit; (2) that he failed or refused to pay the rent due within ten days after receiving the notice. It was indispensable that appellant establish these facts in order to show that appellee was unlawfully holding the premises, and therefore, under the statute, it was entitled to have him removed therefrom. The finding is entirely silent in respect to both of these facts.

It is well settled that the office of a special finding is to find facts, and no omission in this respect can be supplied by intendment. The failure to find a fact in favor of the party upon whom the burden of proving it rests is equivalent to an express finding against him as to that fact. It is manifest, therefore, that under the facts disclosed by the special finding, appellant was not entitled to recover upon the first paragraph of its complaint.

Cambridge Lodge, etc., *v.* Routh.

Counsel for appellee insist that there was no error in overruling appellant's motion for a new trial as of right. It is well settled by the decisions of this court that where a judgment is rendered on a complaint containing a paragraph for ejectment, or to quiet title to real estate, or both, which complaint also contains a paragraph based on another cause of action for which a new trial as of right is not awarded by the statute, a motion therefor, under the circumstances, must be refused. *Bennett* v. *Closson* (1894), 138 Ind. 542; *Nutter* v. *Hendricks* (1898), 150 Ind. 605; *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80; *Wilson* v. *Brookshire* (1890), 126 Ind. 497, 9 L. R. A. 792; *Bradford* v. *School Town of Marion* (1886), 107 Ind. 280; *Butler University* v. *Conard* (1883), 94 Ind. 353.

It was optional with appellant to have instituted an action to remove appellee, as a tenant unlawfully holding over, as alleged in the first paragraph of its complaint, either before a justice of the peace or in the circuit court, as the latter has concurrent jurisdiction with a justice of the peace in such proceedings. §7107 Burns 1901. But whether such action is commenced originally in the circuit court, or is brought to that court by an appeal from the judgment of the justice of the peace, in neither case can a new trial as of right be demanded. *Over* v. *Moss* (1872), 41 Ind. 463; *Corbin* v. *Thompson* (1894), 141 Ind. 312; *Butler University* v. *Conard, supra; Thompson* v. *Kreisher* (1897), 148 Ind. 573.

In view of the fact that the second and third paragraphs were joined in the same complaint with the first, upon which a new trial could not be granted as of right, it follows, under the circumstances, that the motion was properly denied.

Finding no available error, the judgment is affirmed.