## GATES v. SWEET.

[No. 8,613.   Filed May 11, 1915.]

1. APPEAL.—*Review.*—*New Trial as of Right.*—Where the evidence is not in the record and the pleadings do not disclose the relationship of the parties, the objection that a new trial as of right may not be granted where the controversy is between landlord and tenant is not available.   p. 691.

2. NEW TRIAL.—*As of Right.*—*When Denied.*—Generally where two or more substantive causes of action proceed to judgment in the same cause, one of them falling under the class in which a new trial as of right may be granted, and the other not falling under this class, a new trial as of right must be denied.   p. 691.

3. NEW TRIAL.—*As of Right.*—*Issues.*—Where the complaint was in two paragraphs, the first of which, though disclosing that waste was committed and seeking damages therefor, was in its general tenor a complaint for the possession of real estate, and the second, while disclosing that the title and right of possession were involved, was principally directed to the procurement of injunctive relief, a new trial as of right could not be had.   pp. 692, 693.

4. PLEADING.—*Theory.*—*Determination.*—While the whole tenor of a pleading, and not the prayer alone, must generally control in determining the theory on which it proceeds, where the facts pleaded leave doubt as to the theory or nature of the action, the prayer may be looked to to explain the intent.   p. 693.

From White Circuit Court; *James P. Wason,* Judge.

Action by Gilbert Gates against Harry Sweet. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Uhl & Kassebaum,* for appellant.

*Charles R. Pollard, Thomas J. Hanna* and *C. Robert Pollard,* for appellee.

MORAN, J.—This appeal presents but one question for consideration, viz., Did the White Circuit Court err in overruling appellant's motion for a new trial as of right? The complaint is in two paragraphs. By the first paragraph, appellant alleges the ownership of a large tract of real estate in Carroll County, Indiana, and that appellee holds the

possession of the same without right, and unlawfully deprives appellant of the immediate possession to which he is entitled. Appellee, during the time he unlawfully held the possession, committed waste on the premises by plowing up about fourteen acres of meadow and permitting horses and cattle in a large number to run over and upon the real estate and to feed upon the pasture, of the value of $300. The mesne profits of the premises during the time appellee wrongfully held the possession amounted to $800. Appellant has been damaged in the sum of $1,600. Judgment was asked for possession of the real estate and damages in the sum of $1,600.

The second paragraph of complaint alleges the ownership and right of possession of the same tract of real estate mentioned in the first paragraph, and, in addition to alleging that appellant has been unlawfully deprived of the possession, it is further alleged that there were growing upon the real estate thirty-five acres of corn and the same number of acres of oats, six acres of hay and forty acres of pasture, together with small fruit, and that the crops were maturing and ready for harvest, and were the property of appellant, and he was entitled to the possession and the undisturbed right to harvest the same; that appellee would prevent appellant from harvesting the crops, and appropriate the same to his own use unless restrained from so doing; that appellee was insolvent and had no property subject to execution, and, if permitted to continue in his unlawful acts, appellant would suffer irreparable injury and damage. The complaint was verified; a temporary restraining order was asked and granted until the final hearing of the cause. The issues were closed by an answer of general denial; trial was had in the White Circuit Court, where the cause had been venued. Judgment that appellant take nothing by his complaint, that the temporary restraining order be dissolved, and that appellee recover costs.

Appellee calls our attention to a rule of law, that deprives

the losing party of a new trial as of right where the con-
troversy is between landlord and tenant. *Over* v.
1. *Moss* (1872), 41 Ind. 463; *Butler University* v. *Con-
ard* (1884), 94 Ind. 353; *Cambridge Lodge, etc.* v.
*Routh* (1904), 163 Ind. 1, 71 N. E. 148; *Corbin* v. *Thomp-
son* (1895), 141 Ind. 312, 40 N. E. 532; *Everett* v. *Irwin*
(1911), 47 Ind. App. 263, 94 N. E. 352. In this case the
investigation is limited to the pleadings and judgment. The
facts as they were developed upon the trial are not before us.
The allegations of neither paragraph of the complaint dis-
close the relation of landlord and tenant between appellant
and appellee, therefore the rule of law above contended for
by appellee does not aid us in determining the questions
involved in this appeal.

As a general proposition of law, it may be stated that if
two or more substantive causes of action proceed to judg-
ment in the same cause, one of them falling under
2. the class in which a new trial as of right may be
granted, and the other not falling under this class,
the latter will control, and a new trial as of right must be
denied. *Bennett* v. *Closson* (1894), 138 Ind. 542, 38 N. E.
46; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748;
*Schlichter* v. *Taylor* (1903), 31 Ind. App. 164, 67 N. E. 556;
*Wilson* v. *Brookshire* (1891), 126 Ind. 497, 25 N. E. 131, 9
L. R. A. 792; *Norris* v. *Kendall* (1911), 48 Ind. App. 304,
93 N. E. 1087; *Butler University* v. *Conard, supra; Rich-
wine* v. *Presbyterian Church* (1893), 135 Ind. 80, 34 N. E.
737; *Henry* v. *Frazier* (1913), 53 Ind. App. 605, 100 N. E.
770; *Bradford* v. *School Town, etc.* (1886), 107 Ind. 280, 7
N. E. 256; *Grubb* v. *Brendel* (1913), 52 Ind. App. 531, 100
N. E. 872. Our task will have been finished when we have
determined, whether in this cause there are two substantive
causes of action alleged in the complaint. We have under
consideration two paragraphs of complaint, and it is the law,
"that where a judgment is rendered on a complaint con-
taining a paragraph for ejectment, or to quiet title to real

estate, or both, which complaint also contains a paragraph based on another cause of action for which a new trial as of right is not awarded by the statute, a motion therefor, under the circumstances, must be refused." *Cambridge Lodge, etc.* v. *Routh, supra,* 9. See, also, *Jones* v. *Peters* (1902), 28 Ind. App. 383, 62 N. E. 1019; *Garrick* v. *Garrick* (1909), 43 Ind. App. 585, 87 N. E. 696, 88 N. E. 104. Under the holdings, should one paragraph of complaint be construed as involving the possession and title to real estate, and the other involving a different cause of action, a new trial as of right is not demandable under §1110 Burns 1908, §1064 R. S. 1881.

The first paragraph of complaint in addition to alleging facts disclosing the right to possession of appellant as against the appellee, likewise discloses that waste was com-

3. mitted on the premises by appellee, and for which he seeks damages. Waste is a well-recognized common-law action, and one that was frequently resorted to as a remedy by the owner of the fee as against that class of tenants that came within the common-law doctrine of waste. Notwithstanding, that waste is a substantive cause of action, the general tenor of the first paragraph of the complaint may be regarded as one for the possession of real estate, however, the conclusion we have reached as to the second paragraph makes it unnecessary to extend our discussion as to the first paragraph of complaint.

The second paragraph of complaint alleges ownership and right to possession of the premises in appellant, and that he has been deprived of the possession to his damage in the sum of $500, and proceeds no further in this behalf. It then avers that appellant is the owner and entitled to harvest the growing crops on the premises, and appellee will appropriate the same to his own use and prevent appellant from harvesting the crops to his irreparable injury, unless appellee be restrained by the court. The insolvency of appellee is alleged, and if he is permitted to appropriate the crops

Gates *v.* Sweet—58 Ind. App. 689.

to his own use, appellant will be without a remedy. The prayer is that appellee be enjoined from harvesting and appropriating to his own use the growing crops and pasture, and be enjoined from molesting, interfering with or preventing appellant from harvesting and caring for his crops on the premises. There is no specific prayer for possession.

We might remark here that the general rule is that to determine the nature of a pleading, the whole tenor of the same must control, and while the prayer is not usually resorted to, yet where the facts pleaded leave doubt as to the theory or nature of the action or suit, the prayer may be looked to to explain the intent. 31 Cyc. 111; *Cottrell* v. *Aetna Life Ins. Co.* (1884), 97 Ind. 311; *Bingham* v. *Stage* (1890), 123 Ind. 281, 23 N. E. 756; *Galway* v. *State, ex rel.* (1884), 93 Ind. 161; *Monnett* v. *Turpie* (1892), 132 Ind. 482, 485, 32 N. E. 328.

Taking into consideration the entire scope of the second paragraph of complaint, it discloses that the title and right of possession were but incidental to the main relief sought, which was that appellee be prevented by injunctive relief from appropriating the crops to his own use, and from interfering with appellant while harvesting the same. If this is the correct construction to be given this paragraph of complaint, then the court did not err in refusing a new trial as of right as to the entire cause of action.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 881. See, also, under (1) 3 Cyc. 175; (2) 29 Cyc. 1037; (3) 29 Cyc. 1035, 1034; (4) 31 Cyc. 84, 83.