## GLASSER v. JONES.

### [No. 9,628.    Filed June 27, 1918.]

1. APPEAL.—*Questions Reviewable.*—*Insufficiency of Complaint.*—*Assignment of Errors.*—Error assigned on the "Insufficiency of the complaint to state a cause of action," presents no question for review on appeal. p. 194.

2. JUSTICE OF THE PEACE.—*Pleading.*—*Complaint.*—*Sufficiency.*—*Determination.*—In an action originating before a justice of the peace, a complaint sufficient under the rules of pleading and practice governing that court is sufficient in the circuit court on appeal. p. 194.

3. JUSTICE OF THE PEACE.—*Pleading.*—*Complaint.*—*Sufficiency.*—Where an action is commenced before a justice of the peace, a complaint sufficient in substance to apprise the adverse party of the nature of the demand, and to bar another action for the same thing, is sufficient even as against demurrer. p. 194.

4. NEW TRIAL.—*Grounds.*—*Ruling on Demurrer.*—Overruling a demurrer to a complaint is not a cause for a new trial. p. 195.

5. APPEAL.—*Briefs.*—*Waiver of Error.*—Grounds for a new trial are waived by appellant's failure to address any proposition or point thereto in his brief. p. 195.

6. APPEAL.—*Review.*—*Instructions.*—*Record.*—To authorize a consideration of the action of the trial court in giving and refusing instructions, they must be brought into the record by a substantial compliance with one of the methods provided by statute therefor. p. 195.

7. APPEAL.—*Presenting Questions for Review.*—*Instructions.*—*Making Part of Record.*—*Filing.*—To make the instructions a part of the record in a civil case without a bill of exceptions, the record must affirmatively show that they were filed in open court, and an order to file appearing in the record is not sufficient to satisfy that requirement. p. 195.

8. APPEAL.—*Presenting Questions for Review.*—*Instructions.*—*Making Part of Record.*—*Statute.*—It is essential, in order that requested instructions become a part of the record without a bill of exceptions that the record show that they were filed as required by §558 Burns 1914, §533 R. S. 1881 and §561 Burns 1914, Acts 1907 p. 652. p. 196.

9. APPEAL.—*Presenting Questions for Review.*—*Instructions.*—*Making Part of Record.*—*Statute.*—Where appellant attempted to save his exceptions with reference to instructions under §561 Burns 1914, Acts 1907 p. 652, providing that the court shall indi-

cate before instructing the jury, by a memorandum in writing at the close of the instructions requested, the numbers of those given and of those refused, and that such memorandum shall be signed by the judge, a failure to comply with the statute is fatal to a consideration of the instructions, and they cannot be identified by marginal notes in the transcript nor by a memorandum following each signed by appellant's attorney. p. 197.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by William H. Jones against Israel Glasser. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles Weidler, Orie Parker* and *Samuel B. Pettengill,* for appellant.

*Eli F. Seebirt* and *Daniel D. Schurtz,* for appellee.

BATMAN, J.—In this action appellee filed a complaint against appellant before a justice of the peace of St. Joseph county to recover damages for an injury to his mare.

Omitting the formal parts, the complaint is as follows: "That the defendant is the keeper of a livery stable in the city of South Bend, St. Joseph county, Indiana, and that on the 3rd day of April, 1915, plaintiff entrusted to defendant's keeping a mare owned by the plaintiff, and that plaintiff paid the defendant for the feeding and keeping of said mare; that when plaintiff demanded of the defendant said mare defendant delivered her to plaintiff with one limb broken; that said injury rendered said mare wholly worthless; that the value of said mare was $150.00." The cause was tried before the justice of the peace, resulting in a judgment in favor of appellant. From this judgment appellee appealed to the circuit court of St. Joseph county, where appellant filed a demur-

rer to the complaint for want of sufficient facts. This demurrer was overruled. Appellant then filed an answer in two paragraphs, the first being a general denial, and the second alleged facts to show that the parties did not occupy the relation of bailor and bailee. On the issues thus formed a trial was had, resulting in a verdict against appellant for $75, on which judgment was rendered.

Appellant filed a motion for a new trial, which was overruled, and has assigned the following errors in this court: (1) Insufficiency of the complaint to state a cause of action; (2) error of the court in overruling the demurrer to the complaint; (3) error of the court in overruling the motion for a new trial.

The first assigned error presents no question for our determination. *Pittsburgh, etc., R. Co.* v. *James* (1917), 64 Ind. App. 456, 114 N. E. 833. As to the second assigned error it should be noted that this action was begun before a justice of the peace. Therefore we need only consider the sufficiency of the complaint as a pleading in that court, notwithstanding the demurrer thereto was filed in the circuit court on appeal. *Wabash, etc., R. Co.* v. *Lash* (1885), 103 Ind. 80, 2 N. E. 250. It is a well-recognized rule of pleading that, where an action is commenced before a justice of the peace, a complaint sufficient in substance to apprise the adverse party of the nature of the demand, and to bar another action for the same thing, is sufficient even as against a demurrer. *Helms* v. *Appleton* (1908), 43 Ind. App. 482, 85 N. E. 733, 86 N. E. 1023; *Brown* v. *Thompson* (1909), 45 Ind. App. 188, 90 N. E. 631; *Everett* v. *Irwin* (1910), 47 Ind. App. 263, 94 N. E. 352; *Gregory* v. *Redd*

(1913), 53 Ind. App. 629, 102 N. E. 140. The complaint is sufficient under this rule, and hence there was no error in overruling the demurrer thereto.

Appellant assigned the action of the court in overruling his demurrer to the complaint as one of his reasons for a new trial. This is not a recognized cause therefor. *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57. He also alleges in his motion for a new trial that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. These reasons are waived by a failure to state any proposition or point with reference to the same. *Chesapeake, etc., R. Co.* v. *Jordan* (1916), 63 Ind. App. 365, 114 N. E. 461; *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752.

The only remaining reasons assigned by appellant for a new trial relate to the action of the court in giving and refusing to give certain instructions. Appellee contends that the instructions are not before the court, and that no question is properly raised with reference thereto. It is well settled that to authorize a consideration of the action of the trial court with reference to instructions they must be brought into the record by a substantial compliance with one of the methods provided by statute therefor. *Indiana Union Traction Co.* v. *Sullivan* (1913), 53 Ind. App. 239, 101 N. E. 401; *Indianapolis Traction, etc., Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242; *Indiana Quarries Co.* v. *Lavender* (1917), 64 Ind. App. 415, 114 N. E. 417, 116 N. E. 2. In this case there is no attempt to bring the instructions into the record by a bill of exceptions. It is also well settled that, in order to make the instructions a part of the record in a civil case

without a bill of exceptions, they must be filed in open court, and the record must affirmatively show that they were so filed. *Thompson* v. *Thompson* (1901), 156 Ind. 276, 59 N. E. 845; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966; *Thieme, etc., Brewing Co.* v. *Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338; *Stimson* v. *Krueger* (1917), 63 Ind. App. 567, 114 N. E. 885. The only entry shown by the transcript relating to the filing of the instructions is as follows: "And the instructions that are given are now ordered signed, filed, and ordered made a part of the record, and are in these words, to wit: ` (Here follows what purports to be certain instructions.) It will be noted that this entry does not recite that the instructions were filed, but only recites that they were ordered filed. It has been held that an order to file is not sufficient, and that to become a part of the record, without a bill of exceptions, it must appear from the record that the instructions were in fact filed. *Indianapolis, etc., R. Co.* v. *Ragan, supra; Suloj* v. *Retlaw Mines Co.* (1914), 57 Ind. App. 302, 107 N. E. 18; *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 547, 111 N. E. 320. It will be further noted that the entry contains no reference to the filing of the instructions requested by the parties, as required by §§558, 561 Burns 1914 (§533 R. S. 1881; Acts 1907 p. 652). This has been held to be an essential requirement. *Welker* v. *Appleman* (1909), 44 Ind. App. 699, 90 N. E. 35; *City of Indianapolis* v. *Schoenig* (1911), 48 Ind. App. 76, 95 N. E. 324. For the reasons stated we conclude that the instructions are not properly in the record.

There is a further reason why the alleged errors with reference to the instructions cannot be consid-

ered. All of such errors relate to the giving and refusing of instructions requested by the parties. It appears from the manner in which appellant attempted to save his exceptions with reference to the court's action thereon that he was proceeding under §561 Burns 1914, *supra*. This section provides, among other things, that: "The court shall indicate, before instructing the jury, by a memorandum in writing at the close of the instructions so requested, the numbers of those given and of those refused, and such memorandum shall be signed by the judge." The apparent object of this provision is to furnish a means of identifying the instructions so given and refused. It has been held that a failure to comply with such provision when proceeding under said section is fatal to a consideration of such instructions. *Delaware, etc., Tel. Co.* v. *Fiske* (1907); 40 Ind. App. 348, 81 N. E. 1110; *Indianapolis, etc., Transit Co.* v. *Walsh* (1909), 45 Ind. App. 42, 90 N. E. 138; *Cleveland, etc., R. Co.* v. *Quinn* (1913), 54 Ind. App. 11, 101 N. E. 406. In this case the record fails to disclose any such memorandum signed by the judge, nor is there any other proper identification of the instructions so given and refused. True, there appears upon the margin of the record, opposite what purports to be certain instructions requested by the parties, the words "given" and "refused," but, as held in the case of *Brown* v. *Guyer* (1917), 64 Ind. App. 356, 115 N. E. 947, the marginal notes required by the rules of this court to be placed on the transcript cannot be made to supply the identification of the instructions given and refused, which is required to be shown by the record made in the trial court. Following each of said purported instructions is a

memorandum dated and signed by one of appellant's attorneys, stating that appellant excepted to the ruling of the court thereon, but it is apparent that such memorandum cannot be taken as a substitute for an identification to be made by the court.

We find no error in the record.   Judgment affirmed.

NOTE.—Reported in 120 N. E. 44.   See under (2) 24 Cyc 736; (3) 24 Cyc 558.