*L. McClurg,* for appellants.

*R. P. Davidson,* for appellee.

———————•———————

### RAYMOND v. WILLIAMS and Others.

APPEAL from the *Wayne* Circuit Court.

GREGORY, J. — This suit was commenced in the court below, on the 2d of *July*, 1862, by the appellees, against the appellant, on a promissory note for $304 64, due *November* 10th, 1854. The plaintiffs, in their complaint, demand judgment for $500, and for all other proper relief. The defendant answered, first, by a general denial; second, that the consideration of the note had partially failed, to-wit, the sum of $136 78, in this: that the plaintiffs had agreed to furnish and surrender to the defendant two notes against *C. F. Cramer & Co.,* of the state of *New York*, dated *March* 13th, 1848, one at four months for $65 70, and the other at three months for $45 00, both amounting, with interest, after deducting credits, to the sum of $136 78, which notes the plaintiffs had failed to surrender as they agreed; third, usury. Reply, general denial. Trial by the court, on the 23d of *February*, 1865; finding for the plaintiffs in the sum of $512 25; motion for a new trial overruled, and judgment on the finding. The plaintiff in the court below remitted $12 30. The evidence is in the record. It is urged that the finding of the court is not sustained by the

testimony. The note sued on was given by the appellant in settlement of an account and two notes against *Cramer & Co.*, the defendant being a member of that firm. There is no proof that usurious interest was computed. Seven per cent. interest was calculated on the two small notes, but, for aught that appears in proof, that was the legal interest. The notes bear date in *New York.* It is true, the statutes of *New York* were not given in evidence, but usury was the defense, and the onus was on the defendant; and, moreover, the excess of interest over six per cent. did not amount to $6, not one-half the amount remitted.

It is contended that the finding was for $12 25 more than was claimed, and that this was error. The sum claimed was largely more than was due on the note at the commencement of the action, but, owing to the unusual delay, the interest accumulated until the amount due at the trial was greater than that demanded in the complaint. The case of *Webb et al.* v. *Thompson*, 23 Ind. 428, meets and settles this question fully.

*Raymond* swore that the two small notes were to have been surrendered to him. Two of the plaintiffs swear that the consideration of the note sued on was the settlement of the two notes and the account against *Cramer & Co.;* and one of them testifies that the notes were retained for the purpose of holding *Cramer*, the other partner. In 1855, the defendant promised payment of the note in suit as soon as he could sell some railroad securities held by him. There is no proof that the defendant ever demanded the surrender of the two notes. We think the finding is sustained by the evidence.

The judgment is affirmed, with ten per cent. damages, and costs.

*G. A. Johnson* and *L. Develin*, for appellant.

*M. Wilson*, for appellees.