## SCHAFER v. SMITH.

LIQUOR LAW.—*Act of 1873, Section 12.*—*Action by Wife.*— *Exemplary Dam-
ages.*—*Interrogatory to Jury.*—*Remittitur.*—*Supreme Court.*—On the trial
of an action by a married woman, instituted under the 12th section of the
act of February 27th, 1873, Acts 1873, p. 151, regulating the sale of intox-

icating liquors, to recover damages for the act of the defendant in unlaw-
fully causing the intoxication of her husband, the jury trying the cause,
with their general verdict assessing damages in favor of the plaintiff, re-
turned an interrogatory put to them, answering that a specified sum of
the damages assessed by their general verdict was allowed as exemplary
damages.

*Held,* that the allowance of exemplary damages was unauthorized.

*Held,* also, that the exemplary damages should be remitted, in the Supreme
Court on appeal, or the judgment reversed.

From the Pike Circuit Court.

*G. G. Reily, C. H. McCarty* and *E. A. Ely;* for appellant.

*F. B. Posey, J. E. McCullough* and *J. H. Miller,* for appellee.

NIBLACK, J.—This was an action by Elizabeth Smith, as the wife of Albert Smith, against Charles Schafer, under the 12th section of the act to regulate the sale of intoxicating liquors, approved February 27th, 1873, Acts 1873, p. 151, for unlawfully, wilfully, maliciously, and after notice not to do so, selling intoxicating liquors to the said Albert Smith, her husband, thereby causing him frequently to become intoxicated, and thus injuring her in her person, property and means of support.

A demurrer to the complaint, for want of sufficient facts, was overruled, and the defendant answered in general denial.

The jury trying the cause returned a verdict for the plaintiff, assessing her damages at the sum of five hundred dollars, and to a special interrogatory submitted to the jury by the court, requiring them to state how much, if any thing, they allowed the plaintiff for exemplary damages, they answered, " Two hundred dollars."

After overruling a motion for a new trial, the court rendered judgment on the verdict.

Errors are assigned here upon the overruling of the de-

murrer to the complaint, and upon the refusal of the court to grant a new trial.

No objection being urged to the complaint in this court,. we are not required to consider its sufficiency, but are jus-- tified in assuming, that the demurrer to it was correctly overruled.

No question is made here, either, as to the sufficiency of the evidence to sustain so much of the verdict as relates to the general damages which were assessed by it against the appellant. The appellant only objects to so much of the verdict as allowed exemplary damages against him, as above stated. He insists, that the damages were excessive, because of the exemplary damages thus allowed, and that,. for that reason, a new trial ought to have been granted.

This question of exemplary damages has been fully dis- cussed and ruled upon by this court, in the case of *Koerner* v. *Oberly*, 56 Ind. 284.

In that case, it was decided, that, in cases like the one before us, in which the defendant might be punished crim- inally for the offence charged against him, in addition to his civil liability, exemplary damages could not be al-- lowed.

It is unnecessary for us here to repeat the reasons assigned for that decision. It is sufficient for us now to say, that the doctrine of that case is well sustained by the essential principles of justice, as well as by a series of well considered and carefully adjudicated cases, and that we recognize that case as of binding authority in the case at bar.

Upon the authority of that case, therefore, we are con- strained to hold, that so much of the judgment as em- braces the exemplary damages allowed by the jury is erroneous.

As the amount for which the judgment was erroneously entered was definitely fixed at two hundred dollars, by the

jury, in their answer to the special interrogatory addressed to them under the direction of the court, an opportunity is afforded for the correction of the judgment by the entry of a *remittitur* for that sum.

If, therefore, the appellee shall, within sixty days herefrom, enter a *remittitur* of two hundred dollars of the judgment herein appealed from, to take effect from the date of such judgment, then the residue of the judgment will be affirmed, at her costs.

If a *remittitur* shall not be entered within the time indicated, then the entire judgment will be reversed, at her costs.