Stair *v.* Bishop.

Filed Dec. 13, 1889.

———◆———

No. 13,960.

STAIR *v.* BISHOP.

JURISDICTION.—*Justice of the Peace.*—*Appeal.*—*Increased Judgment.*—Where an action is commenced before a justice of the peace, and a judgment rendered in favor of the plaintiff, and an appeal is taken to the circuit court, and the plaintiff there files a reply, increasing the amount of his demand, but which added to the amount originally claimed to be due does not exceed the sum of two hundred dollars, the action was properly instituted before a justice of the peace, although judgment was rendered on appeal for more than two hundred dollars, such excess being for interest which accrued after the action was instituted, or for attorney's fees occasioned by the appeal.

From the Starke Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellant.

*G. W. Holman, A. I. Gould* and *G. A. Murphy,* for appellee.

ELLIOTT, J.—This action was commenced before a justice of the peace on two promissory notes. The justice gave the appellee judgment for $124.03, and the appellant appealed to the circuit court. An answer of set-off was filed before the justice, but no affirmative reply was there filed. After the case got into the circuit court the appellee filed a reply to the set-off pleaded by his adversary, and claimed judgment for $67 in addition to the amount claimed in the complaint. The jury returned a verdict in the appellee's favor for $240, of this he remitted $60, and took judgment for $180.

We do not think the question on the motion to strike out the reply is properly presented; at all events, it does not appear that in permitting it to be filed there was such an abuse of discretion as will warrant a reversal.

The question as to the jurisdiction is not free from difficulty. If it appeared that the claim of the plaintiff exceeded the amount of the justice's jurisdiction at the time his action was commenced, then there would be much more strength in the appellant's position, but this does not appear, for taking the amount of the claim set forth in the reply and adding it to that evidenced by the notes filed with the complaint it does not appear that the sum would have been in excess of $200. As the entire sum claimed would not have been in excess of $200 at the time the action was commenced it must be true that the increased amount was allowed for interest which accrued after the action was instituted, or for attorney's fees occasioned by the appeal. If a defendant, who is sued before a justice, appeals and thus adds to the fees of the attorneys in a case where he undertakes to pay reasonable attorney's fees, he has no just reason to complain if he is compelled to pay an increased fee.

If the amount finally claimed had exceeded $200 at the time the action was commenced, then it may be that it should be held that jurisdiction could not have been acquired by the justice, and that a remittitur could not cure the

error, but we have no such case before us. *Pritchard* v. *Bartholomew*, 45 Ind. 219.

We have not considered the phase of the question presented by the fact that the additional amount is claimed by replication to a plea of set-off, and we are not prepared to say what the proper rule is where the defendant pleads a set-off and the plaintiff by new matter stated in his reply enlarges the claim made in his complaint beyond the jurisdiction of the justice of the peace.

We have examined the other questions discussed but find no error in any of the rulings.

Judgment affirmed.

