## Oil School Township *v.* Marting.

[No. 4,039.   Filed October 31, 1901.]

Township.—*Breach of Contract with School Teacher.—Allowance of Claim.*—One who has contracted with a township trustee to teach a district school may, if such trustee refuses to permit him to carry out the contract, sue the township for breach of the contract without first presenting his claim to the county commissioners as auditing board; §8073a Burns Supp. 1897 not being applicable. *p. 527.*

Trial.—*Excepting to Conclusions of Law.—Effect.*—By excepting to the court's conclusions of law, a party admits that the facts were fully and correctly determined. *p. 527.*

Appeal.—*Excessive Damages.—Remittitur.*—Where in an action on a contract the court awarded to plaintiff full amount called for by the contract, overlooking a payment made, the damages are excessive to the amount of payment, and the judgment should be reversed unless the excess is remitted. *p. 528.*

From Perry Circuit Court; *E. M. Swan,* Judge.

Action by Charles Marting against Oil School Township on contract to teach school. From judgment for plaintiff, defendant appeals. *Affirmed conditionally.*

*S. H. Esarey* and *J. W. Ewing,* for appellant.

*J. H. Weathers* and *C. A. Weathers,* for appellee.

WILEY, P. J.—Appellee sued appellant upon a written contract with appellee, by which he was employed to teach a certain school. The complaint charges that the trustee of said township employed appellee to teach school in district number sixteen during the school year beginning November 8, 1897, at and for the agreed price of $2 per day; that the number of weeks appellee was to teach was left blank in the contract, for the reason that at the time of making the contract, the trustee did not know the amount of the tuition fund he would receive, and that when such fact was ascertained, it was agreed that the number of weeks should be inserted in the contract. It is also averred that on the day said school was to commence, appellee appeared at the schoolhouse where the contract provided he should teach, and demanded that he be permitted to teach said school; but that appellant, through its officers, refused him admission, and refused to allow him to perform his contract; that he held himself in readiness to perform said contract, and was ever ready, willing, and anxious to perform it, but was prevented from so doing by appellant; that at that time of year, it was impossible for appellee to secure another school or obtain other employment. The complaint further charges that appellee was a licensed school teacher. The contract was made a part of the complaint by exhibit. The prayer of the complaint was to reform the contract by inserting the number of weeks, etc., and for judgment.

Issues were joined by answer and reply, but no question is raised upon the pleadings subsequent to the complaint, and hence it is unnecessary to refer to them. The demurrer to the complaint was overruled. The case was tried by the court, a special finding of facts made, and conclusions of law stated thereon. Appellant excepted to the conclusions of law. Appellant's motion for a new trial was overruled, and judgment rendered on the conclusions of law in favor of appellee. The errors assigned are the overruling of the demurrer to the complaint, and overruling the motion for a

new trial. The demurrer to the complaint was upon two grounds: (1) That the court did not have jurisdiction of the subject-matter, and (2) that the complaint does not state facts sufficient to constitute, etc.

The only objection urged against the complaint is that it was the duty of the appellee in the first instance to file his claim before the "auditing board," and until this was done the court was without jurisdiction. Counsel for appellant rest this proposition upon §8073a Burns Supp. 1897. It seems to us that they have wholly misapprehended the scope and meaning of this statute. The statute cited constitutes the board of commissioners of each county an auditing board, to audit the warrants of the various township trustees, and requires them to meet at stated periods and to "audit each and every warrant drawn by the several trustees, * * * except for the payment of teachers." In this case, under the breach of the contract, as alleged in the complaint, appellee had a right of action against the township for damages. His claim against the township was for damages for failing to perform its contract. He was not required to file such claim before the "auditing board", or any place else. Upon the breach of the contract, his right of action accrued. The contention of counsel upon this question is wholly devoid of merit. The complaint states a cause of action.

By the special finding of facts every fact essential to appellee's right to recover is found in his favor. By excepting to the conclusions of law, appellant admits that the facts were fully and correctly determined. *Indiana, etc., R. Co. v. Doremeyer,* 20 Ind. App. 605, 67 Am. St. 264; *North British, etc., Ins. Co. v. Koontz,* 17 Ind. App. 625; *Blair v. Curry,* 150 Ind. 99.

Appellant has failed to put itself in a position to have reviewed, on appeal, the conclusions of law, because it has not assigned such conclusions as error. See *Cruzan v. Smith,* 41 Ind. 288; *Pfau v. State, ex rel.,* 148 Ind. 539.

Appellant's motion for a new trial rests upon four grounds: (1 & 2) That the decision of the court is contrary to law, and not sustained by sufficient evidence; (3) that the damages assessed are excessive, and (4) that certain of the special findings are not sustained by sufficient evidence. There is ample evidence to sustain the decision of the court upon every material question involved, and to support each of the findings. This being true, we cannot disturb the judgment on the evidence.

This disposes of every question except that presented by the third reason for a new trial. Are the damages excessive? The court found that the school year of that township covered by appellee's contract was of the duration of nineteen weeks of five days each. It was also found, and so appears by the evidence, that appellee was to do certain institute work before his school commenced, which he did; and that before the school commenced, the trustee advanced to him, upon his contract, $5. At $2 per day for the school term of ninety-five days, the amount would aggregate $190, and the court rendered judgment for the entire amount, and failed to deduct the $5 which had been paid to him. This was error, for it affirmatively appears that the judgment was excessive. It does not necessarily follow, however, that the judgment must be reversed for this reason.

Appellee has filed in this court a paper by which he offers to remit $5 of the judgment, and pay the costs of this appeal. It is clear to us that in fixing the amount of the judgment the trial court inadvertently overlooked the payment to appellee of the $5 upon his contract. Of the right of an appellee to remit a part of a judgment, where it is excessive, and where the judgment rests upon a plain question of calculation, there seems to be no doubt. See 2 Woollen's Tr. Proc., p. 1024, §4410, and authorities there cited.

It is therefore ordered that if appellee will, within thirty days from this date, file in the clerk's office of this court a remittitur of $5 as of the date of judgment, the judgment will be affirmed at his costs; otherwise it will be reversed.