## Helms *v.* Appleton et al.

[No. 6,413.   Filed October 9, 1908.   Rehearing denied January 29, 1909.   Transfer denied April 6, 1909.]

1. Pleading.—*Complaint.—Before Justice of the Peace.*—A complaint before a justice of the peace is sufficient if it apprises the defendants of the nature of the claim and states facts sufficient to bar another action for the same cause. p. 485.

2. Pleading.—*Complaint.—Names.—Initials.—Appeal.*—The failure of the plaintiff, in his complaint, to use the full Christian names of defendants cannot be questioned for the first time on appeal. p. 485.

3. Principal and Surety.—*Notes.—Absolute Promise.—Collection of, Before Payment of Debt.*—Where an indemnitor's promise to pay the debt is direct, an action will lie thereon before payment of the debt is made by the person indemnified. p. 485.

4. Principal and Surety.—*Notes.—Conditional Promise.*—Where an indemnitor gave his note to certain payees, on the back of which note was a memorandum providing that the note should be collectible in case another debt due from such payees was wholly or partly unpaid, and then only in a certain proportionate amount, he is liable for the whole sum, where it is shown that the note is past due and none of such debt due from the payees is paid. p. 486.

5. New Trial.—*Excessive Recovery.—Appeal.*—A motion for a new trial assigning as a reason therefor an excessive amount of recovery properly presents the question whether the amount of the judgment is sustained by the evidence. p. 488.

6. New Trial.—*Excessive Recovery.—Demand.*—Where there is a recovery greater than the demand, and the evidence sustains the recovery, the question of recovering more than the amount demanded cannot be raised by a motion for a new trial, assigning error in the amount of recovery. p. 489.

7. Pleading.—*Complaint.—When Deemed Amended on Appeal.*—Where the recovery was for an amount in excess of the demand, and the evidence sustains same, the complaint, on appeal, will be deemed amended in the court below to conform to such recovery. p. 489.

8. Appeal.—*Excessive Recovery.—Conditional Affirmance.—Remittitur.*—Where the judgment below was excessive in a certain amount, the Appellate Court may affirm same on condition that a remittitur be filed for such excess. p. 489.

9. Justices of the Peace.—*Jurisdiction.—Increase of Demand After Filing of Suit.*—Where an action is filed before a justice of

the peace which is within the jurisdiction of the justice at the time of filing, the accumulation of interest and costs during the litigation will not defeat his jurisdiction. p. 490.

From Superior Court of Marion County (70,469) ; *George F. Mull*, Judge *pro tem*.

Action by Wilford D. Appleton and others against Francis M. Helms. From a judgment for plaintiffs, defendant appeals. *Affirmed conditionally.*

*Philip Wilkinson*, for appellant.

*Lawrence R. Cartwright, Richard J. Roberts* and *Foster V. Smith*, for appellees.

RABB, C. J.—This action was begun by the appellees against the appellant before a justice of the peace, and was founded upon a written instrument in the form of a promissory note. An appeal was taken from the justice to the court below, where the cause was tried by the court. The trial was begun on March 22, 1906, and on that date the evidence was closed and the cause continued for argument. Later in the term, on April 24, the appellees moved for leave to amend their complaint with reference to the claim for attorneys' fees, and to introduce further evidence. Further evidence was then heard by the court, but no finding or judgment rendered, and a finding and judgment was not rendered in the cause until the next term of the court, on September 25, 1906, when a finding and judgment was rendered in favor of the appellees. At that time no ruling of the court had ever been entered of record upon appellees' motion to be permitted to amend their complaint with reference to attorneys' fees. Subsequently, on December 28, 1906, over the objection and exception of appellant, and, on appellees' motion, a *nunc pro tunc* order was directed to be entered by the court, showing the sustaining of appellees' motion for leave to amend their complaint and to introduce further evidence as of April 27, 1906. Appellant's motion for a new trial was overruled on September 28, 1906.

The errors assigned and discussed here are: (1) That the appellees' complaint does not state facts sufficient to constitute a cause of action; (2) that the court below erred in overruling appellant's motion for a new trial; (3) that error intervened in the action of the court in permitting the *nunc pro tunc* correction of the record to be made.

The instrument in writing, which was the foundation of the action, was as follows:

"$133.34.          Tipton, Indiana, December 21, 1903.

Six months after date, for value received, I promise to pay [to the appellees, naming them], or order $133.34 and attorneys' fees. Negotiable and payable at the Sate Bank of Tipton, Tipton, Indiana, without any relief whatever from valuation or appraisement laws, interest at the rate of seven per cent per annum from date until paid, payable annually. The drawers and indorsers severally waive presentment for payment, protest and nonpayment of this note.

                                F. M. Helms."

Upon the back of the note, at the time of its execution, and forming a part of it, was this indorsement:

"This note is given for the purpose of indemnifying the within parties from any loss on amount secured by them for money borrowed by said parties for the purpose of liquidating debts contracted by said Acme Oil & Gas Company, and it is collectible only in case, when the same is due and unpaid on said note, in proportion to any unpaid balance, to amount of stock held at organization of said company."

In the complaint filed before the magistrate, the initials only of the Christian names of the appellees were used, and the complaint is criticised upon this score. It is also contended that the instrument sued upon shows that it was only to be paid upon a condition, and that the complaint fails to allege the performance of the condition upon which the money due upon the note was to become payable.

We think neither of these criticisms can be sustained. The same rules regarding the sufficiency of a complaint in the

circuit court do not obtain before a magistrate. The filing of the instrument, without any further complaint, would have been sufficient. Any statement of the cause of action before a magistrate is sufficient if it apprise the defendant of the nature of the claim, and be such that a judgment rendered in the case would be sufficient to bar another action for the same cause (*Crocker* v. *Hoffman* [1874], 48 Ind. 207, and cases cited), and the question of the use of the initials, instead of the full Christian names, in designating the plaintiffs in the case, cannot be raised for the first time in this court. *Morningstar* v. *Wiles* (1884), 96 Ind. 458, and cases cited.

The second error assigned calls in question the action of the court in overruling appellant's motion for a new trial. One of the reasons assigned in appellant's motion for a new trial is the insufficiency of the evidence to sustain the finding, and this involves the proper interpretation of the contract sued on. The evidence shows that the notes given by the appellees, for money borrowed by them to pay the debts of the Acme Oil & Gas Company, were wholly unpaid and long overdue at the time this action was begun.

It is appellant's theory that by the terms of the obligation sued on nothing was due thereon until the appellees had actually paid something upon the liability they were under for the borrowed money, on account of which the indemnity was given, and that the appellant's contract was to indemnify the appellees against loss or damage on account of the liability they had assumed, and not to indemnify them against a liability for probable loss; whereas the appellees contend that the contract sued on contains an absolute agreement to pay, and should be construed as a contract to indemnify against liability for probable loss. The face of the instrument contains an absolute agreement to pay a given sum of money at a particular date. It is the settled law that when there is a direct promise to pay the debt indemnified against, an action will lie for a breach of such

contract in favor of the party indemnified, upon the maturity of the debt indemnified against, and without the payment of the debt on his part. *Gunel* v. *Cue* (1880), 72 Ind. 34; *Weddle* v. *Stone* (1859), 12 Ind. 625; *Devol* v. *McIntosh* (1864), 23 Ind. 529; *Malott* v. *Goff* (1884), 96 Ind. 496; *Strong* v. *Taylor School Tp.* (1881), 79 Ind. 208; *South Side, etc., Assn.* v. *Cutler & Savidge Lumber Co.* (1878), 64 Ind. 560; *Bodkin* v. *Merit* (1882), 86 Ind. 560; *Milburn* v. *Milburn* (1895), 143 Ind. 187.

This is conceded by appellant, but he contends that there is a clear distinction to be taken between the contract here sued on and that contained in an ordinary indemnifying mortgage, whereby the mortgagor agrees to pay the debts secured by the mortgage; that the condition upon which the notes sued on here was to become payable distinguishes this case from the cases cited, and, as we understand his argument and construction of the contract, it is that the note was to be collectible only for such amount as the payees were compelled to pay on the money borrowed by them to pay the debts of the Acme Oil & Gas Company, and then only in proportion to the amount of stock held by appellant in the company at its organization. It is clear from the memorandum on the back of the note that the same was given to indemnify the appellees on account of money borrowed by them on their personal credit to pay the debts of the Acme Oil & Gas Company. Beyond this the intention of the parties as expressed by the writing is ambiguous, obscure, and, without the aid of extraneous facts, unintelligible.

The expression, "is collectible only in case, when the same is due and unpaid on said note, in proportion to any unpaid balance, to amount of stock held at organization of said company," standing by itself, unaided by any other light except that reflected from the expressions contained in the writing, is without sense or meaning; but, read in the light of the circumstances under which it was made, does admit of

a reasonable interpretation.    The evidence shows that the
appellant and appellees, together with other parties, were
stockholders in the Acme Oil & Gas Company; that the com-
pany was at the time embarrassed with debts, and its credit
exhausted; that it was engaged in a struggle to develop gas-
and oil-wells in the State of Indiana; that in this state of
affairs it was the view of the appellant and appellees that
the debts against the company should be paid.    It required
$2,000 to accomplish this purpose, and it was agreed between
the parties that this money should be raised by the appellant
and appellees, appellant agreeing to pay his share, and to
this end the appellees borrowed the money and gave their
individual notes for the same.    Appellant did not sign these
notes and was not liable upon them, but gave to the appel-
lees the note in suit, in lieu of becoming a party with them
upon the notes for the $2,000, such note representing his
share of the liability.    It was the expectation of the parties
that the profits arising from the operation of the company
would pay off and discharge this debt of $2,000 incurred by
the stockholders, and that none of them would be required
to pay anything on that account.    Interpreted in the light
of these facts, we think that the expression,

> "collectible only in case, when the same is due and un-
> paid on said note, in proportion to any unpaid balance,
> to amount of stock held at organization of said com-
> pany,"

used in said indorsement, means, and is to be interpreted
as meaning, that when the note became due, if any part of
the $2,000 had been then paid, there should be collected from
the appellant on said note only such sum as his share of the
stock of said company proportionately bore to the unpaid
debt, considering that each share of stock should contribute
an equal amount to the payment of the same.    The contract
to pay whatever would be due, be it much or little, was clear
and direct, and inasmuch as the evidence without contra-
diction shows that none of the $2,000 had been paid, and the

note in suit was long past due when the suit was brought, the full amount of the note became due and payable, and appellant's liability therefor became fixed for the whole amount.

Another question presented by appellant's motion for a new trial is that the amount of recovery is excessive, and with this may well be considered the question presented by appellant's third assignment of error, calling in question the action of the court below in permitting the *nunc pro tunc* correction of the record.

The instrument sued on, as will be observed, provides for the payment of attorneys' fees. The appellant's complaint averred "that a reasonable attorneys' fee is $20."

5. No specific general sum was named in the demand for judgment, the demand being "for $133.34, and interest at seven per cent per annum, and $20 attorneys' fees." At the date of the rendition of the judgment the principal and interest on the note amounted to $159. The finding and judgment in appellees' favor was for $218.25. This was $9.25 in excess of any finding the evidence in the record would justify in appellees' favor, and was, to that extent at least, an error against appellant, and the question was properly raised by appellant's motion for a new trial. The finding shows that $50 of the $218.25 was allowed by the court as attorneys' fees, and there was evidence introduced sufficient to justify this finding. The *nunc pro tunc* correction of the record, called in question by appellant's assignment of error, related solely to an application claimed by appellees to have been made to the court below, pending the trial, for leave to amend their complaint with reference to the claim for attorneys' fees, and to introduce evidence after the cause had been closed, and the rulings of the court upon these applications, it being the contention of appellant that the apellees were limited in their recovery to the amount claimed in the complaint for attorneys' fees, and that it was therefore an error, apparent on the record as it stood

before the correction, for the court to allow appellees more than $20 attorneys' fees, the amount claimed in the complaint.

It may be considered for the purposes of this case that the court did err in permitting the *nunc pro tunc* correction of the record to be made. Then how does the case

6. stand? The court has allowed, and the evidence has justified the allowance of, a greater sum than the complaint demands for attorneys' fees, and the only manner in which this action of the court is called in question is by a motion for a new trial assigning as a reason that the amount of recovery is excessive. The question cannot be raised in this way. It is only such an excessive amount as the evidence fails to warrant that can be thus complained of.

The complaint with reference to any amount proved

7. within the issues could have been amended in the court below, after finding or verdict, to correspond with the proof, and in this court will be treated as amended. *Webb* v. *Thompson* (1864), 23 Ind. 428; *Barnes* v. *Roemer* (1872), 39 Ind. 589; *White* v. *Stellwagon* (1876), 54 Ind. 186; *McKinney* v. *State, ex rel.* (1889), 117 Ind. 26; *Raymond* v. *Williams* (1865), 24 Ind. 416; *Ke-tuc-e-mun-guah* v. *McClure* (1890), 122 Ind. 541; *Noyes Carriage Co.* v. *Robbins* (1903), 31 Ind. App. 300; *Robinson* v. *Jamison* (1870), 33 Ind. 122; *Louisville, etc., R. Co.* v. *Steele* (1893), 6 Ind. App. 183; *Bozarth* v. *McGillicuddy* (1898), 19 Ind. App. 26.

It is manifest from the record that the error of $9.25 against the appellant was simply a miscalculation of the amount of interest due upon the note in suit. But

8. it was an error that the appellant is entitled to have corrected. It does not necessarily require the reversal of this case. *Schafer* v. *Smith* (1878), 63 Ind. 226; *Frazer* v. *Boss* (1879), 66 Ind. 1; *Diehl* v. *State* (1901), 157 Ind. 549; *Oil School Tp.* v. *Marling* (1901), 27 Ind. App. 525.

It is ordered that the judgment of the court below be af-

firmed, at appellees' costs, if, within thirty days, appellees shall enter a remittitur of $9.25, as of the date of the judgment; otherwise it is ordered that the judgment be reversed, and a new trial granted.

## On Petition for Rehearing.

Rabb, J.—Appellant insists in his petition for rehearing that the judgment rendered in the court below must be reversed, for the reason that the action originated before a justice of the peace, and therefore the complaint could not be amended in the circuit court to increase the plaintiffs' demand beyond $200, and that a judgment for over that amount is void. This question was not raised in appellant's original brief, but we have given it due consideration.

The case was begun before a justice of the peace on November 16, 1905. The appellant appeared before the justice and made defense. The case was tried before the justice, and judgment rendered in appellant's favor on December 1, 1905. There was at that time due on the note, of principal and interest, $151.47, and whatever would be a reasonable attorneys' fee, not exceeding $20, the amount then demanded in the complaint. This was all that was demanded in the complaint, and it would have been the limit of the appellees' recovery had judgment been rendered in their favor at that time, and this they were then entitled to recover. The jurisdiction of the justice was fixed when the suit was begun, and by the amount then claimed. This question was decided by the Supreme Court as early as the case of *Gregg* v. *Wooden* (1856), 7 Ind. 499, where the court said with reference thereto that the statute fixing the jurisdiction of a justice of the peace, so far as the amount involved is concerned, referred to the amount claimed at the time the action was commenced. The jurisdiction having once attached, will not be defeated by a defense of the cause, and the accumulation of interest pending the suit, may be recovered.

In *Bargis* v. *Farrar* (1873), 45 Ind. 41, the same rule is recognized, and a judgment rendered for over $200 in a case brought before a magistrate and appealed to the circuit court was affirmed, where it appeared that at the time the action was commenced before the justice the amount claimed and due was within the jurisdiction of the justice, but the accumulation of interest during the pendency of the action increased the amount to over that sum.

In the case of *Stair* v. *Bishop* (1889), 121 Ind. 273, the court said with reference to this question: "If a defendant, who is sued before a justice, appeals and thus adds to the fees of the attorneys in the case where he undertakes to pay reasonable attorneys' fees, he has no just reason to complain if he is compelled to pay an increased fee."

It is true that here the appellant did not take the appeal from the justice of the peace, but that does not alter the case. It is conclusively adjudged that he justly owed the debt, and all he did in resisting its payment was wrongful. Had he permitted the appellees to take judgment on the note before the justice, which they were legally entitled to do, the amount of the judgment could not have exceeded $171, but he appeared to appellees' action and procured the justice to render an erroneous judgment against appellees, thus compelling the appellees to appeal the case to the circuit court in order to enforce their rights, thereby involving the necessary increase in the attorneys' fees and interest. He now insists that because appellees' claim grew, on account of such resistance on his part, the court has lost jurisdiction to render judgment for all that is due him. His contention is without support of reason, justice or authority.

Petition for rehearing overruled.