JEFFERSON COOPERAGE COMPANY *v.* HENRY C. GETZENDANNER

(No. 8124)

Submitted October 8, 1935. Decided October 15, 1935.

*D. Grove Moler,* for plaintiff in error.
*Forrest A. Brown,* for defendant in error.

HATCHER, JUDGE:

This writ of error presents the question: Is a promisor, legally obligated to pay a debt of his promisee, liable to the promisee in advance of the latter's payment of the debt?

In 1926, the plaintiff, Jefferson Cooperage Company, executed to the New York Life Insurance Company six promissory notes aggregating $22,000.00, payable in six annual installments commencing January 1, 1932. The notes bear interest from date payable annually. The Cooperage Company also executed a deed of trust on real property to secure the notes and covenanted in the deed to pay the taxes on the property when due. In 1929, the Cooperage Company conveyed the same property to defendant, H. G. Getzendanner, subject to the above trust deed. As part of the consideration for this conveyance, the grantee assumed in writing the performance of all the obligations of the Cooperage Company under the trust deed and covenanted to pay the above indebtedness of the Cooperage Company to the Insurance Company, and to indemnify and save harmless the Cooperage Company from all responsibility on the above notes, or by reason of any provision of the trust deed. Getzendanner took possession of the property and paid the first note when due (January 1, 1932) together with the interest (annual) on the other notes. He has made no subsequent payments, and this proceeding was brought by the Cooperage Company to recover of him the amount due on the notes which matured in 1933 and 1934, respectively, the unpaid interest upon the other notes, and the unpaid taxes. Upon the trial, it appeared that the Insurance Company had not released the Cooperage Company from its obligations, and had not demanded of it to pay any sum due on the notes or to sue the defendant on them. From a judgment in favor of the plaintiff, for the full amount of its demands, the defendant secured a writ of error.

It is a ''definitely'' settled rule of contract law that ''Where the promisor has undertaken to do a particular act or make a specified payment, as well as to indemnify the promisee, the contract is broken, and a recovery for such breach may be had, as soon as the time for doing such act or making such payment has arrived, and the promisor has failed to perform his obligations, and in such case it is no defense that the promisee has not been damnified.'' 16 A. and E. Ency. Law, subject Indemnity Contracts, pp. 179, 180. This rule was distinctly recognized by the Supreme Court of Virginia in 1852, a time when its decisions are binding on us. See *Cralle*

v. *Meem,* 8 Gratt. 496, 526-7. Accord: *Rector* v. *Higgins,* 48 N. Y. 532, 537 (followed in *Bier* v. *Snitzer,* 167 N. Y. S. 303); *Fairfield* v. *Day,* 71 N. H. 63, 65, 51 A. 263; *Faulkner* v. *McHenry,* 235 Pa. 298, 300, 83 A. 827; *Helms* v. *Appleton,* 43 Ind. App. 482, 485-6, 85 N. E. 733, 86 N. E. 1023; *Gage* v. *Lewis,* 68 Ill. 604; *Bank* v. *Leyser,* 116 Mo. 51, 22 S. W. 504; *Oriental Co.* v. *Blades Co.,* 103 Va. 730, 738-9, 50 S. E. 270; *Mills* v. *Dow,* 133 U. S. 423, 10 S. Ct. 413; 31 C. J., subject Indemnity Contracts, sec. 7; 14 R. C. L., *idem,* sec. 4; Sutherland, Damages (4th Ed.), sec. 765. This rule has been applied by the majority of the courts to cases in which the grantee assumed the mortgage debt of the grantor. Jones, Mortgages (8th Ed.), sec. 966; 41 C. J., subject Mortgages, sec. 802; Devlin, Deeds (3d Ed.), sec. 956; Williston, Contracts, sec. 1408; Sedgwick, Damages (9th Ed.), sec. 789; Annotations, 21 A. L. R. 507, and 76 A. L. R. 1194. A few jurisdictions (listed in the annotations), however, do not thus extend the rule. Defendant's brief relies on the minority decisions and contends that most of the cases following the majority practice are not identical factually with the instant case. In the following majority cases the facts are similar enough to be precedentary: *Furnas* v. *Durgin,* 119 Mass. 500, 506-7, 20 Am. Rep. 341 (see also the later case of *Locke* v. *Homer,* 131 Mass. 93, 41 Am. Rep. 199); *Foster* v. *Atwater,* 42 Conn. 245, 253; *Baldwin* v. *Emery,* 89 Me. 496, 36 A. 994; *Sparkman* v. *Gove,* 44 N. J. L. 252, 254 (see also the earlier case of *Golden* v. *Knapp,* 41 N. J. L. 215, 217); *Lowe* v. *Turpie,* 147 Ind. 652, 678-9, 44 N. E. 25, 47 N. E. 150; *Stout* v. *Folger,* 34 Iowa 71, 74, 11 Am. Rep. 138; *Dorrington* v. *Minnick,* 15 Neb. 397, 19 N. W. 456; *Callender* v. *Edmison,* 8 S. D. 81; *Merriam* v. *Lumber Co.,* 23 Minn. 314, 322-3.

The majority practice but consummates the contract. By it the defendant promised plaintiff to satisfy certain of its obligations as part of the purchase price of its land. Defendant's failure to meet those obligation is a failure to complete the purchase price due the plaintiff. And since he retains the land, we see no valid reason why he should not be required to pay that price to plaintiff and thus enable it to do for itself what he promised to do for it and failed.

The judgment of the circuit court is accordingly affirmed. However, in order to insure defendant protection *pro tanto* against the trust deed, that portion of the judgment representing indebtedness which the defendant promised to pay the Insurance Company may be satisfied by payment direct to it instead of to plaintiff, if defendant so desires, and the judgment should so provide.

*Modified and affirmed.*