FRANK GORHAM and Another, Respondents, *v.* THE EASTCHESTER
ELECTRIC COMPANY, Appellant.

*Trees — destroyed by the cutting of limbs by an electric company — what description
conveys title to the center of a street — inference in respect to such title.*

The privilege of erecting poles and stringing wires along the streets of a city,
granted to an electric company by the municipal authorities thereof, confers no
authority upon the corporation to interfere with or destroy private property;
and where the title of the owner of a house and lot fronting on a street extends
to the middle of the street such person can recover damages against an electric
company caused by the unnecessary cutting by it of limbs from the shade
trees which stand on such street immediately in front of the premises owned
and occupied by him, and the measure of damages is the diminution in market
value of the plaintiff's premises caused by the cutting of such trees.

A description which designates a city lot by a lot number and bounds the same
" easterly in front by Fifth avenue, southerly on the other side by Valentine
street," conveys title to the center of Valentine street, but the rule is different
when the description bounds the land on the side of the street.

Where upon the trial of an action there is no evidence to show that the grantor of
one of the parties did not own to the center of the street on which the premises
conveyed fronted, and it appears that at the time of such conveyance the city
within which such premises were located was not incorporated, the inference is
that the fee of the highway was in the proprietors of the adjoining lands.

APPEAL by the defendant, The Eastchester Electric Company, from
a judgment of the County Court of Westchester county, entered in
the office of the clerk of the county of Westchester on the 29th
day of March, 1894, upon the verdict of a jury, and also from an
order entered in said clerk's office on the 24th day of March, 1894,
denying the defendant's motion for a new trial made upon the
minutes, with notice of an intention to bring up for review on
such appeal said order.

*Milo J. White*, for the appellant.

*George C. Appell* and *Odell D. Tompkins*, for the respondents.

BROWN, P. J.:

The plaintiffs recovered a verdict against the appellant for dam-
ages caused by cutting the limbs from a shade tree which stood on
Valentine street in the city of Mount Vernon immediately in front
of premises which plaintiffs owned and occupied.

The privilege of erecting poles and stringing wires along all the streets of the city had been granted to appellant by the municipal authorities, but this grant conferred upon it no authority to interfere with or destroy private property, and the main question presented for review is whether the plaintiffs' title extended to the middle of Valentine street.

The plaintiffs acquired title in 1883, prior to the incorporation of the city of Mount Vernon, under a deed which described the land as being in the town of Eastchester and known as lot number 400 on a map entitled " Map of Central Mount Vernon, etc., filed in the office of the register of the county of Westchester,   *   *   * bounded easterly in front by Fifth avenue   *   *   *   southerly on the other side by Valentine street."

This description, we think, conveyed title to the center of Valentine street. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61 ; *Wager* v. *Troy Union R. R. Co.*, 25 id. 526 ; *Hennessy* v. *Murdock*, 137 id. 317.)

The rule is different when the description bounds the land on the side of the street, and such are the cases cited by the appellant. (*Kings Co. Ins. Co.* v. *Stevens*, 87 N. Y. 287 ; *Blackman* v. *Riley*, 138 id. 318 ; *Holloway* v. *Southmayd*, 139 id. 390.)

There is no evidence to show that plaintiffs' grantors did not own to the center of the street, and as at the date of the deed the city of Mount Vernon was not incorporated the inference must be that the fee of the highway was in the proprietors of the adjoining lands. (*Wager* v. *Troy R. R. Co., supra.*)

The city was incorporated in 1892, but we are not referred to any proceedings under its charter by which the plaintiffs' ownership in the street had been extinguished.

Under these facts the plaintiffs' right to maintain the action was established.   The court charged the jury that the defendant, under its grant from the city, had the right to trim away the limbs of the tree so as to free its wires from contact with them, but were bound in exercising that right to proceed with ordinary care, and submitted to the jury the question whether there was an unnecessary cutting away of the limbs of the tree.   This was certainly as favorable a view of the case as defendant had a right to claim, and the evidence fully sustained the verdict of the jury upon that question.

Evidence was admitted over the defendant's objection and exception to the effect that the destruction of the tree had diminished the market value of the plaintiffs' premises.

This was the correct rule applicable to the case, and the exception to the ruling of the court must be overruled. (*Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199.)

The judgment and order should be affirmed, with costs.

Dykman and Cullen, JJ., concurred.

Judgment and order affirmed, with costs.