DELAWARE & MADISON COUNTIES TELEPHONE COMPANY *v.* FISKE ET AL.

[No. 5,858. Filed October 11, 1907.]

1.  APPEAL.—*Briefs.*—Errors assigned, but not argued on appeal, are waived.  p. 349.
2.  SAME.—*Weighing Evidence.*—The Appellate Court will not weigh the evidence in a case, where there is some evidence tending to prove every material fact.  p. 350.
3.  TRESPASS.—*Cutting Trees.*—*Telegraphs and Telephones.*—*Evidence.*—Where the evidence shows that a telephone company obtained permission to attach its guy wire to a tree near plaintiffs' dwelling, and that it proceeded to cut the top and limbs off of an ornamental pine tree along the walk, a verdict for plaintiffs for damages therefor is justifiable.  p. 350.
4.  TRIAL.—*Evidence.*—*Inferences.*—*Jury.*—The drawing of deductions and inferences from conflicting evidence is for the jury.  p. 351.
5.  SAME.—*New Trial.*—*Verdict.*—*When Contrary to Law.*—Where plaintiffs introduce some evidence on all of the material points of their case, a verdict in their favor is not contrary to law.    p. 351.
6.  EVIDENCE.—*Cutting Trees.*—*Manner of.*—*Trespass.*—It was not erroneous, in a case of trespass for cutting plaintiffs' tree, to permit a witness to answer the question, "Describe to the jury the manner in which these boughs were cut off, whether or not in a symmetrical manner or otherwise; just describe them to the jury."  p. 351.
7.  SAME.—*Value of Realty Before and After Trespass.*—*Damages.*—Evidence, showing the value of plaintiffs' real estate before and after the cutting of their ornamental shade tree by the defendant telephone company, is admissible to prove the damages caused by such trespass.  p. 351.
8.  REAL PROPERTY.—*Timber.*—Growing trees are a part of the freehold.  p. 352.

9. APPEAL.—*Instructions.*—*How Made Part of the Record.*—*Statutes.*—Where the transcript shows the filing of requested instructions immediately after the submission of the evidence, such requested instructions being set out, and it further shows that after the argument to the jury the court instructed the jury, setting out such instructions, and no order-book entry was made of the instructions requested, and none showing that exceptions were taken to any of them, no question is presented, under §544a Burns 1905, Acts 1903, p. 338, §1, or otherwise, on the instructions. p. 352.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Melissa J. Fiske and others against the Delaware & Madison Counties Telephone Company. From a judgment for plaintiffs for $50, defendant appeals. *Affirmed.*

*Gregory, Silverberg & Lotz,* for appellant.

*Walter L. Ball, A. E. Needham* and *Arthur D. McKinley,* for appellees.

MYERS, J.—This action was originally commenced by appellees against appellant before a justice of the peace to recover damages for an alleged wrongful and negligent injury to a shade tree upon appellees' premises in the city of Muncie, Indiana. Appellees were unsuccessful before the justice of the peace, and took an appeal to the circuit court, where a trial before a jury was had, resulting in a verdict and judgment in their favor.

The only error relied on for a reversal of the judgment is the overruling of appellant's motion for a new trial. This motion assigns a number of reasons, but only those argued by appellant will be considered. All other reasons will be deemed as waived. *Funk* v. *State, ex rel.* (1906), 166 Ind. 455; *McCaslin* v. *State* (1906), 38 Ind. App. 184; *Western Union Tel. Co.* v. *McClelland* (1906), 38 Ind. App. 578.

Appellant insists that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. It is a

2. familiar rule that an appellate tribunal will not disturb the judgment of the trial court for a lack of evidence, unless there is an entire failure of evidence to support a material fact, without which the verdict cannot stand. *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, and cases cited.

Looking to the evidence in the record, and applying the rule announced by the court in the case last cited, there is evidence tending to prove that appellant was a corporation; that appellees were the owners of certain real estate facing Adams street in the city of Muncie, and on which stood several pine trees; that appellant obtained permission from appellees to go upon said premises and erect a guy-wire from one of its poles to a tree standing near the dwelling-house on said premises, on condition that appellant do no injury to any of the trees thereon; that near the walk leading from said street to said dwelling-house, and about thirty or forty feet from the street, stood two trees, one on either side of the walk; that said guy-wire, when erected, would pass through the top of one of the two trees mentioned, and that the tree through which the wire would pass was about thirty to thirty-five feet high, and is the tree in controversy; that one of appellant's servants trimmed and mutilated this tree, leaving it at a height of from twelve to fourteen feet, to the extent that when the guy-wire was erected it would and did pass entirely over it; that one of appellees requested said servant to remove only from said tree a dead limb five or six feet long; that after the tree was trimmed two wagon loads of limbs were hauled away by appellant; that said premises, with the tree untrimmed, were worth $12,000, and after the mutilation of the tree, were worth $11,750.

The evidence as to many material facts in this case is exceedingly conflicting. It was for the jury alone to weigh,

make deductions, and draw inferences from such evidence, and this court has no right to disturb the jury's conclusion founded upon it. *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694; *Maitland* v. *Reed* (1906), 37 Ind. App. 469. The verdict of the jury amounts to a finding of all essential facts necessary to its support, and if the record discloses any evidence from which such facts might reasonably be inferred, and if the verdict is within the issues, it is not contrary to law.

Appellant also insists that the court erred in admitting certain evidence over its objection—(1) In permitting a witness for appellee on direct examination to answer the following question: "Describe to the jury the manner in which these boughs were cut off, whether in a symmetrical manner or otherwise; just describe them to the jury." The question may not be in the best form, but we think its purpose was to obtain from the witness, not his opinion or conclusion, but a description of the tree after it was trimmed. The suggestion as to whether it was trimmed in a symmetrical manner, followed by asking the witness to describe the boughs of the tree, certainly could not have been understood as calling for anything except a detailed description of the tree after the limbs had been cut off, and, in view of the general examination of the witness prior to this question, no error was committed in permitting the witness to answer.

(2) As to the admission of evidence pertaining to the value of the real estate immediately before and after the tree was trimmed, the court did not err. The objection made to this evidence was upon the grounds that there was no claim or demand for any injury to the real estate, and that the complaint did not seek to recover any judgment for damages to the real estate.

The theory of the complaint was to recover damages for

the unlawful and negligent injury to a growing tree upon appellees' real estate. No one will question the proposition that the growing tree was a part of the freehold, and being a part of the freehold and injured, it follows that such injury might affect the value of the land upon which it grew. *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), 163 Ind. 534; *Gorham* v. *Eastchester Electric Co.* (1894), 80 Hun 290, 30 N. Y. Supp. 125; *Dwight* v. *Elmira, etc., R. Co.* (1892), 132 N. Y. 199, 30 N. E. 398, 15 L. R. A. 612, 28 Am. St. 563.

Appellant also insists that the court erred in refusing to give to the jury certain instructions by it requested, and in giving to the jury certain instructions of its own motion. None of these instructions are brought into the record by a bill of exceptions, nor are they made a part of the proceedings in this cause by order of the court. Upon an examination of the record before us we find an order-book entry of date September 5, 1904, showing that appellant at the conclusion of the evidence tendered to the court instructions to be given to the jury, which instructions were at that time filed; and as a part of the same entry follows a copy of the instructions so requested. Continuing, the order-book entry is as follows: "And the arguments to the jury are now submitted. And the jury having heard all the evidence and arguments of the counsel, and being duly and legally instructed by the court, which instructions are filed herein and are in these words." Then follows a copy of the instructions, given to the jury by the court of its own motion, signed by the judge.

Appellee insists that the instructions are not a part of the record, and therefore no question as to either set of instructions is presented. It is apparent that if any question on the instructions, either as requested or given, is presented, it is by force of section one of "an act concerning proceedings in civil procedure," approved March 9, 1903 (Acts 1903, p. 338, §544a Burns 1905). By this section it is pro-

vided: ''That all instructions requested shall be plainly written and numbered consecutively and signed by the party or his counsel. The court shall indicate, before instructing the jury, by a memorandum in writing at the .close of the instructions so requested the numbers of those given and of those refused, and such memorandum shall be signed by the judge. All instructions given by the court of its own motion shall be in writing and shall be numbered consecutively and signed by the judge. * * * All instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury. Exceptions to the giving or refusing of instructions may be taken at any time during the term, and the same may be taken orally and entered upon the record or minutes of the court, or in writing at the close of the instructions requested, or given by the court of its own motion, in which case the party excepting or his counsel shall enter at the close of such instructions a memorandum, which shall be dated and signed, setting forth in substance that such party excepts to the giving or to the refusing, as the case may be, of each of the above instructions, designated by its number. All instructions requested as herein provided, whether given or refused, and all instructions given by the court of its own motion, together with all exceptions taken to the giving or refusing of instructions as herein prescribed, and all entries upon the minutes or records of the court in respect to such instructions and exceptions, shall be a part of the record without any bill of exceptions and as such may be included in the transcript on appeal.''

The record before us does not disclose any order-book entry or memorandum of the court, signed or unsigned by the judge, referring to the instructions so requested. It does show that certain instructions were given by the court and signed by the judge. There is no order-book entry or other

evidence that the instructions requested were not given, except the inference to be drawn from the fact that certain instructions were requested, and that certain instructions were given, and only by comparing those requested and those given can it be determined which ones, if any, of those requested were refused, and which, if any, given. The record does not disclose any entry or minutes of the court that exceptions were taken at any time during the term to the giving or refusing to give any of the instructions. Nor does it show any exceptions in writing to the giving or refusing to give any of the instructions by appellant or by its counsel, as in said act provided.

Section one of the act referred to (§544a, supra), clearly designates what shall be done by the trial court, the party or his counsel, if the instructions requested and refused or instructions given are to become a part of the transcript on appeal. It is apparent from the record that no attempt has been made to save any question on any of the instructions, either requested or refused or given under said act.

Judgment affirmed.