INDIANAPOLIS AND MARTINSVILLE RAPID TRANSIT
COMPANY *v.* WALSH.

[No. 6,814.   Filed December 14, 1909.]

1. CARRIERS.—*Interurban Railroads.—Sudden Starting.—Complaint.* —A complaint alleging that the defendant interurban railroad company stopped its car at a regular station for passengers, that the plaintiff attempted to alight, and that as she was in the act of alighting the defendant started its car with a sudden jerk, thereby throwing her to the ground, to her damage, states a cause of action, and shows that the car was stopped.   p. 44.

2. CARRIERS.—*Passengers.—Interurban Railroads.—Stations.—Presumptions.*—Passengers have the right to assume that when an interurban car stops at a regular passenger station they may safely alight.   p. 45.

3. WITNESSES.—*Cross-Examination.—Limits   of.—Injuries. — Evidence.*—It is not erroneous for the trial court to refuse to permit defendant to inquire on cross-examination as to plaintiff's decla-

rations concerning her injuries, where the witness had been asked in chief only as to the color of plaintiff's skirt. p. 46.

4. EVIDENCE.—*Declarations of Pain.—Interurban Railroads.*—Evidence of plaintiff's declarations of pain made to the witness on her second visit to plaintiff, is admissible. p. 46.

5. EVIDENCE.—*Declarations.—Bias.—Offer of Proof.*—Evidence of witness's refusal to tell the defendant's attorney what the plaintiff said upon a certain occasion, and that the witness instructed his wife not to inform defendant's attorney thereof, is inadmissible, where there was nothing to show that the plaintiff's declarations concerned the subject-matter of the litigation. p. 47.

6. APPEAL.—*Instructions.—Exceptions.*—Where no exception is taken to the giving of an instruction, no question thereon can be raised on appeal. p. 48.

7. EVIDENCE.—*Right of Others to Ride on Train.—Immateriality.*—In an action by the plaintiff for personal injuries sustained in alighting from defendant interurban railroad company's car, evidence as to another's right to passage to another point, and of another's payment of fare, is wholly irrelevant. p. 48.

8. APPEAL.—*Instructions.—How Made Part of Record.—Statutes.*—Instructions can be made a part of the record by statute (§561 Burns 1908, Acts 1907, p. 652) only by fulfilling the statutory requirements. p. 48.

9. APPEAL.—*Instructions.—Making Part of Record under Statute.—Requirements.*—Under §561 Burns 1908, Acts 1907, p. 652, instructions, to be a part of the record, must be signed by the party, or his attorney, and a memorandum made and signed by the judge showing those given and those refused, proper exceptions taken, and an order-book entry made of the filing thereof. p. 49.

10. APPEAL.—*Instructions.—Questioning.—Record.* — Questions on instructions cannot be raised on appeal, unless such instructions are brought into the record. pp. 49, 50.

11. APPEAL.—*Instructions.—Record.*—Instructions properly signed by the judge and filed constitute a part of the record. p. 50.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Hallie Walsh against the Indianapolis and Martinsville Rapid Transit Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals. *Affirmed.*

*Brill & Harvey,* and *W. H. Latta,* for appellant.
*Morris & Newberger,* and *Otis E. Gulley,* for appellee.

RABB, P. J.—The appellant owns and operates an interurban electric railway between the city of Indianapolis and the city of Martinsville. Appellee was a passenger on one of its cars from Indianapolis to Mooresville, a town on its line. She claims to have been injured by the negligence of the appellant in starting its car, with a sudden jerk, while she was in the act of alighting therefrom, at one of its regular stations, where the car had stopped, thereby throwing her to the ground. This action is brought to recover damages for said alleged injury.

Appellant's demurrer to the complaint was overruled, issues were formed, a jury trial had, resulting in a verdict in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

The questions presented in this appeal relate to the action of the court in overruling appellant's demurrer to the complaint, and its motion for a new trial.

After the formal allegations relating to appellant's business, and appellee's taking passage on appellant's car, the complaint contains these allegations: "That when said car, upon which plaintiff had so become a passenger, reached said town of Mooresville, it was stopped by the motorman and conductor, employes of said defendant, then and there in charge and control thereof, at a place therein provided by defendant as a regular stopping place for passengers to alight from and board its cars; * * * that when said car had so reached and stopped at said point in said town of Mooresville, as alleged, plaintiff immediately and without unreasonable delay, arose from her seat therein, passed to said rear platform thereof, leading her child, and carrying some baggage she had with her, for the purpose of alighting therefrom; that upon reaching said platform, and handing her baggage to her sister, who had already alighted, plaintiff immediately and without unreasonable delay stepped to the lower step thereof, on the right hand or west side of said car, leading to said cinder

walk or platform, and was in the act of stepping from said
lower step to said cinder walk or platform, when said motor-
man and conductor, so in charge of said car, negligently and
carelessly started the same forward, with a sudden move-
ment, while the plaintiff was in such perilous position, at-
tempting to alight therefrom, and without giving her any
warning, thereby jerking and swinging plaintiff around, and
throwing her to the ground.''

The criticism urged against the complaint is that it does
not charge that said car had stopped at said point for allow-
ing the plaintiff or other passengers to alight, or that the
plaintiff knew it was a regular stopping place, or acted
upon the assumption that it was such stopping place, or that
any invitation was extended to the plaintiff to alight, or
that the car was standing still at any or all times after she
arose from her seat, and that from all that appears in the
complaint the sudden movement forward of the car may
have been simply an acceleration of speed.

None of the objections urged against the complaint are
well founded.    It was unnecessary to aver in the complaint
that the car stopped to allow passengers to alight, if
2.   the point where it stopped was a regular stopping
place.    The passengers had a right to assume that it
stopped for the purpose for which the place was provided.
Nor was it necessary to set forth with more clearness than
was shown the fact that appellee acted upon the assumption
that the car was stopped for the purpose of allowing passen-
gers to alight therefrom.    No further invitation was needed
to be extended to passengers who desired to alight at a regu-
lar stopping place on appellant's line, than for the car to
stop.    We think it does clearly appear from the averments
of the complaint that the car was stationary from the time
appellee arose until it is alleged she stepped from the car
upon the lower step preparatory to leaving the car.    It
would require a very ingenious mind, indeed, to give to the
complaint the interpretation contended for by appellant.

To a person of just "common understanding," its meaning is very plain.

Appellant's motion for a new trial presents a multitude of questions. The first one suggested by appellant relates to the refusal of the court to permit appellee's witness, Grace Morgan, to answer the following questions, on cross-examination: "Q. Did Mrs. Walsh claim that she had been injured, in any way, in the hip at that time? Q. I will ask you to state if it is not a fact that she did not claim to have been hurt in the hip or in the thigh at all at that time; made no complaint whatever? Q. I will ask you if she did not state this in substance, that she got tangled in her skirts and fell to the ground, and she threw the grip which she had to the ground, and got up quickly, and got the child off, before the car got away? Did she not state that, or that in substance, in your presence, Mrs. Morgan?"

The only fact elicited by appellee's counsel from this witness in her examination-in-chief, was that, on the day of the alleged accident, witness observed the appellee's skirt, and that it was all black, and that appellee said to witness, "Just look at my skirt." This expression was a voluntary one on the part of the witness, not called for by any interrogatory. Nothing was asked by appellee's counsel with reference to what appellee said on that occasion, and the witness undertook to give no conversation. It was entirely competent for the appellant to show anything said by the appellee that would tend to disprove her case, but such statements could not be elicited by a cross-examination of appellee's witness, who in her examination-in-chief had testified simply to her own observations of a physical fact or condition.

Complaint is made that the court erred in permitting the appellee to submit this interrogatory to her witness, Kate Morgan: "Tell the jury what those complaints were that she made." This witness had already tes-

tified that the plaintiff had made complaints of pain on her second visit to the appellee. The answer to the interrogatory was as follows: "The greatest complaint was her ankle and her hip." Complaints of this kind, made by the injured party, are competent evidence. *Indianapolis St. R. Co.* v. *Whitaker* (1903), 160 Ind. 125.

It is next complained that the court erred in sustaining appellee's objection to the following question, asked Rooker Morgan, appellee's witness, on cross-examination, by the appellant: "I will ask you if at the noon adjournment I did not ask you and your wife to state to me what Mrs. Walsh said to you in your presence and hearing on the occasion that you have testified that she was at your house, and if you did not decline, and instruct your wife to decline to tell me what she said?" It is insisted that the appellant was entitled to an answer to this question, for the reason that if it was answered in the affirmative, it would tend to show bias and prejudice on the part of the witness, and would go to affect the weight and credibility of his testimony. No error intervened in sustaining the objection to this question. It was not shown in the interrogatory that the inquiry addressed to the witness and his wife related to what Mrs. Walsh said in reference to the subject-matter of the litigation. They had no right to inquire generally into Mrs. Walsh's conversation on any occasion, unless it related to the subject of the lawsuit. If they had inquired of the witness, what, if anything, Mrs. Walsh said in reference to her injury, or in reference to the accident, out of which the lawsuit grew, and the witness had declined to answer, it might have been competent, but in the form in which it was put, it was clearly incompetent.

Complaint is made of the refusal of the court to permit William Tichnor to answer a question addressed to him with reference to the same inquiry made by appellant's counsel of the witness Rooker Morgan, and the objection was properly sustained for the same reason.

It is objected that the court erred in giving to the jury the twenty-third instruction, given by the court on its own motion. No question is presented. No exception was taken to the giving of the instruction complained of.

It is insisted that the court committed error in sustaining the objections to the following questions addressed to appellant's witness, Albert Morgan: "Q. You may state whether or not there was any person on there that was not entitled to ride beyond this railroad crossing? Q. I will ask you if any one had paid a fare that would permit him to ride any further than the railroad crossing?" No error intervened in this ruling, as it was irrelevant to the issue, immaterial, and the first question called for a legal opinion from the witness.

Complaint is made that the court refused to give certain instructions requested by appellant, and that it gave certain ones claimed to have been requested by the appellee. The instructions are not brought into the record by a bill of exceptions. Appellant undertakes to bring them in under the provisions of §561 Burns 1908, Acts 1907, p. 652.

Much of the proceedings in the trial of an action in court, including instructions given to the jury, do not ordinarily belong to the record of the cause made by the court. If it is desired to bring any action had by the court, or anything transpiring in the course of the trial, that does not properly belong to the record, into the record for any purpose, it is usually necessary to do this by a proper bill of exceptions, and by such bill everything that transpires in the history of the case, in the process of its passing through the court, may be made part of the record. The section of the code referred to provides a simpler method of bringing into the record the action of the trial court with reference to instructions to the jury; but in order to entitle instructions given or refused to a place in the record, under the provisions of

this section they must be identified and authenticated in the
manner provided by law.

Instructions requested must be authenticated and identified by the signature of the party or his attorney requesting them, and by a memorandum made by the judge
9. of the number of those given and those refused, and
this attested by his signature, and when so identified
and attested, such instructions become a part of the record
by simply filing them with the clerk. Unless so attested,
they can only become part of the record by a proper bill of
exceptions. *Speck* v. *Kenoyer* (1905), 164 Ind. 431; *Baker*
v. *Gowland* (1906), 37 Ind. App. 364; *Petrie* v. *Ludwig*
(1908), 41 Ind. App. 310; *Delaware, etc., Tel. Co.* v. *Fiske*
(1907), 40 Ind. App. 348; *Mace* v. *Clark* (1908), 42 Ind.
App. 506.

The transcript before us recites that appellant requested
the court to give certain instructions to the jury. The request is set out, as are the instructions, all of which are
properly numbered, and the transcript recites that these instructions were filed at the close of the instructions given,
but not one of these instructions was signed by the appellant
or its counsel, nor are they authenticated by the memorandum required by the statute indicating the number of
those given and those refused, signed by the judge; hence
they have no legitimate place in the record, and are not
presented for our consideration.

The transcript recites that the appellee requested the
court to give to the jury instructions numbered from one to
four, inclusive, and the written request of appellee
10. is copied into the transcript, but the instructions
numbered one to four do not appear.

The transcript also recites that the court on its own motion gave to the jury instructions numbered one to eight,
inclusive, but no set of instructions answering this description appears in the record.

The only instructions properly appearing in the record are the instructions given to the jury. These are numbered from one to twenty-six, inclusive, and include two numbered twenty-three. These instructions are properly signed by the judge, are filed, and are a part of the record, and must be treated as the instructions given by the court on its own motion, and are the only instructions of which this court can take cognizance.

At the close of the instructions, the appellant excepted to the giving of instructions one, two, three and four, of the instructions tendered by appellee. No such instructions appearing in the record, no question is presented.

No error appearing in the record, the judgment of the court below is affirmed.