SUPREME LODGE KNIGHTS OF PYTHIAS *v.* GRAHAM.

[No. 9,100.    Filed January 25, 1917.    Rehearing denied March
28, 1917.    Transfer denied June 29, 1917.]

1. APPEAL.—*Review.*—*Evidence.* — *Sufficiency.* — In determining
the sufficiency of the evidence to sustain the verdict, the court
on appeal will look only to the evidence most favorable to
appellee.    p. 222.

2. APPEAL.—*Review.*—*Invited Error.* — *Instructions.*—Appellant
cannot be heard to complain of an instruction as being outside
the evidence, where it tendered an instruction embodying the
same legal proposition.    p. 224.

3. APPEAL.—*Subsequent Appeal.*—*Law of the Case.*—In an ac-
tion upon a contract of insurance issued by a fraternal order,
the holding of the Appellate Court in a former appeal that the
acceptance of the written application constituted a written con-
tract of insurance is the law of the case on a subsequent appeal.
p. 224.

4. EVIDENCE.—*Fact in Issue.*—*Conclusion.*—In an action upon a
fraternal order certificate of insurance, a· question. to a witness
to elicit an answer as to when he determined to approve an
application for insurance and accept the risk was improper, as
calling for a conclusion, where it was for the jury to determine
the time of the final approval of the insurance contract.    p. 225.

5. WITNESSES.—*Examination.*—*Assumption of Fact.*—In an ac-
tion on an insurance contract, a question to a witness as to the
date when he determined to approve an application for insur-
ance and accept the risk was improper as assuming that he
had authority to approve the application and accept the risk,
and that he determined to do so.    p. 225.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Etta Graham against the Supreme Lodge
Knights of Pythias.    From a judgment for plaintiff,
the defendant appeals.    *Affirmed.*

*Stansbury & Billings* and *Fraser & Isham,* for appel-
lant.

*John J. Hall, E. G. Hall, Samuel R. Artman* and
*William H. Smith,* for appellee.

IBACH, P. J.—This is an action by appellee against
appellant on a contract of insurance.    From a judg-

ment for appellee, appellant appeals. This is a second appeal. In the former appeal (*Supreme Lodge, etc.* v. *Graham,* 49 Ind. App. 535, 97 N. E. 806), this court reversed a judgment in favor of appellee on the evidence. The only error discussed in appellant's brief is the overruling of its motion for a new trial. The grounds of such motion relied on question the verdict as not being sustained by sufficient evidence and as being contrary to law, the giving or refusal to give certain instructions and the exclusion of certain evidence. The cause was submitted to a jury for trial on the issues formed by the second paragraph of the complaint and the several paragraphs of answer filed by appellant. These pleadings are substantially the same, if not identical, with those of the former trial.

The propositions by which appellant seeks to sustain its assigned error in the overruling of its motion for a new trial are as follows: "1. This case, having been, on former appeal, reversed on the ground that the evidence was not sufficient to support the verdict, and the evidence in the retrial being in all respects substantially the same as in the former trial, the opinion of this court in the former appeal is the law of this case, and decisive of the insufficiency of the evidence. 2. Aside from the rule of the law of the case, the evidence is not sufficient to support the verdict. 3. Before the application to appellant for insurance could become binding it was necessary that there be an acceptance by appellant and notice thereof, actual or constructive, be given to the applicant during his life and instructions so declaring the law were erroneously refused. 4. The instructions given that if the jury found that appellant by a custom established had treated the approval of the Medical Examiner in Chief as acceptance by the Board of Control then approval by such Medical Examiner in Chief would be sufficient to warrant a verdict

"for the plaintiff, were erroneous because no evidence of such custom was given. 5. The court erred in not permitting appellant's certificate clerk to testify as to when he determined to accept the application."

The jury found in favor of appellee on all the essential averments of the complaint and in determining the sufficiency of the evidence to uphold such verdict we are to take the evidence most favorable to the appellee.

It is apparent that the jury found that the application was accepted or finally approved on April 11, 1905. If there is any evidence to sustain such finding, directly or by inference, the trial court did not err in overruling the motion for a new trial on the ground of insufficiency of the evidence. As we view the case, the sufficiency of the evidence is not made to depend entirely upon the custom in appellant order. To illustrate such view we refer to the evidence in the former trial given by William L. Hunt where he testified "that the application was approved late in the afternoon of April 12; that he made the indorsement on the back of the certificate (application) showing that it was approved (and the indorsement itself so shows) ; that the certificate was then mailed to Mr. Walker at Indianapolis, Indiana." After setting out the above evidence and in a discussion of the testimony of Mr. Walker given on that trial, this court says: "If there were some evidence tending to show that the certificate of membership was received in Indianapolis on April 12, the inference could be properly drawn that it was written on April 11, in Chicago." The court then holds that the testimony of Walker as to the time of receiving the certificate was so indefinite and uncertain in its meaning as to be entitled to no weight whatever as evidence, and reversed the case on such point.

In other words, where the testimony of different wit-

nesses was at variance, it was the duty of the jury to reconcile such testimony if possible. If, as according to Hunt's testimony, the certificate was not mailed in Chicago until after its acceptance and final approval, and it was actually received in Indianapolis on the morning of April 12, this would be evidence from which the jury might properly infer that it was accepted and finally approved on April 11. This is the effect of the holding in the former appeal and, as the testimony of Mr. Hunt in the present appeal is not materially different, we need not consider the question of custom if there is any evidence tending to show that the certificate of membership was received in Indianapolis on April 12.

James W. Walker testified on this question that, "To the best of my recollection I had it on the 12th day of April at nine o'clock ` * * * 1905 * * *a. m."; that he procured the certificate from the post office in Indianapolis, Indiana, postmarked Chicago, Illinois. This same witness also testifies that he sent some money to Mr. Held on the day he received the certificate, and to the best of his knowledge it was April 12. Further this witness testified, "To the best of my belief and before my God, I got that (referring to the certificate) on the 12th day of the month, between nine and ten o'clock." The deficiency in the evidence pointed out in the former opinion was thus supplied and when taken with the testimony of Mr. Hunt warranted the jury in drawing the inference that the application was accepted by the board of control on April 11. Under the law of the case there was evidence to support the verdict.

Appellant complains of Nos. 2 and 6 of the court's instructions. The objection is that they went entirely beyond the evidence. Each of these instructions told the jury that if the appellant had by a course

of conduct established and fixed a general custom of treating and accepting the approval of the applications by the medical examiner in chief as an acceptance thereof by the board of control, then the acceptance by the medical examiner in chief amounted to an acceptance by the appellant. There was some evidence of such custom and the court committed no error in the giving of the instructions. A further and additional reason why appellant should not be heard

2. to complain is that by instruction No. 16 tendered by it the same legal proposition was stated as the law with reference to the certificate clerk. Complaint is made of the refusal of the court to give certain instructions tendered by appellant. These instructions are predicated on the theory that the application of Bailey was an offer and to constitute a contract there must be shown an acceptance of such offer and notice thereof, either actual or constructive, to Bailey during his life; and that the mailing of the certificate of membership to appellant's agent at Indianapolis, for delivery to Bailey, did not constitute notice to Bailey or prevent appellant from recalling from its agent in Indianapolis such certificate and notice; and that therefore the mailing of such certificate to the appellant's agent at Indianapolis for delivery to Bailey did not consummate a contract.

In this appeal the law of the case determines this question. It was claimed on behalf of appellant in the former appeal that the acceptance of the written

3. application constituted a written contract of insurance. And this court in effect so held. The appellant's substantial rights were not affected by the refusal to give such instructions and no reversible error was committed.

It is next insisted that the court erred in refusing to permit the witness William L. Hunt to state the date

Dean, Admx., *v.* Cleveland, etc., R. Co.—65 Ind. App. 225.

when he determined to approve the application and accept the risk. This witness was permitted to and did testify that the final approval of the application was on April 12 in answer to other questions. The only purpose of the testimony elicited by the question complained of would be to establish the time of final approval. This was one of the questions for the jury to determine and a question calling for a conclusion of the witness was not proper. Such question was also improper for the reason that it assumed that the witness had authority to approve the application and accept the risk, and that the witness did determine to approve the application and accept the risk. *Indianapolis, etc., Transit Co.* v. *Walsh* (1909), 45 Ind. App. 42, 90 N. E. 138; *Eckhart* v. *Fort Wayne, etc., Traction Co.* (1913), 181 Ind. 352, 104 N. E. 762.

No available error having been shown, the judgment of the trial court is affirmed.

NOTE.—Reported in 114 N. E. 879.